384 So.2d 254 (1980)
Cynthia Ann Means SAPP, Petitioner,
v.
FLORIDA STATE BOARD OF NURSING, Respondent.
No. 79-1666.
District Court of Appeal of Florida, Second District.
June 4, 1980.
Martin J. Jones, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, Richard A. Hixson, Asst. Atty. Gen., and Patricia J. Brown, Certified Legal Intern, Tallahassee, for respondent.
BOARDMAN, Judge.
Cynthia Sapp petitions for review of an administrative order suspending her license as a practical nurse. We reverse.
Petitioner was charged in an administrative complaint with (1) administering an overdose of medication to a patient at the Clearwater Convalescent Center on August 11, 1978; (2) physically abusing an elderly patient on August 14, 1978, while in the course of her employment with the Clearwater Convalescent Center; (3) leaving the medicine room unattended and the door unlocked; and (4) leaving the medicine cart unattended in the hallway and in the patients' rooms.
An administrative hearing was held at which petitioner admitted administering a drug overdose to a patient, but denied having left the medicine cart unattended or the medicine room unlocked and unattended. Other witnesses, however, testified that she had done so.
Following the conclusion of the hearing, the hearing officer prepared a recommended order. In that order, in the section denominated "FINDINGS OF FACT" is contained what appears to be a statement of the case and facts such as one would find in a legal brief. The portion of this section in issue here reads as follows:

*255 4. There were no written or oral instructions given to employees of the convalescent center relative to the locking of the door to the medication room, or to the attendance or placement of the medication cart.
There is insufficient evidence to show that the Respondent did in fact leave the medication room unattended and the door unlocked, or that she left the medication cart unattended in the hallways and in the patients' rooms.
In the section headed "CONCLUSIONS OF LAW," the order states that petitioner violated Section 464.21(1)(b), Florida Statutes (1978 Supp.)[1] by departing from the standards of acceptable practice in injecting a patient with an overdose of medication, causing severe injury, and that petitioner further violated the statute by treating an elderly patient in such a manner that the patient was bruised and emotionally upset.
In the final paragraph, captioned "RECOMMENDATION," the order recommends that petitioner be placed on probation for a period not to exceed one year.
Upon review of the entire record, respondent Florida State Board of Nursing (the Board) rejected paragraph 4 of the "FINDINGS OF FACT" quoted supra as not being based on competent, substantial evidence, stating that the competent, substantial evidence supported a finding that petitioner did leave the medicine room unlocked and the medicine cart with no one in attendance and summarizing the testimony concerning the issues mentioned in paragraph 4 of the hearing officer's order. The Board felt that, under the circumstances, the recommended penalty of one year probation did not reflect the danger and seriousness of petitioner's violations, and suspended petitioner's license for fifteen months, to be followed by twenty-one months probation. The instant petition for review followed timely.
The proceedings below are governed by Section 120.57(1), Florida Statutes (1978 Supp.), the Administrative Procedure Act. Section 120.57(1)(b)9, provides:
9. The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record.
The major problem before us is whether the hearing officer's finding of fact that "[t]here is insufficient evidence to show that the Respondent did in fact leave the medication room unattended and the door unlocked, or that she left the medication cart unattended in the hallways and in the patients' rooms" is actually a finding of fact or whether it constitutes a legal conclusion that there was no legally sufficient evidence that, if believed, would support a finding that petitioner had been lax in maintaining the security of the medicine room or the medicine cart. The sentence in question, although placed in the section of the order captioned "FINDINGS OF FACT," is by its terms a legal conclusion. If it was intended to be such, the Board correctly rejected it, since there was competent, substantial testimony to the contrary. § 120.57(1)(b)9.
*256 However, notwithstanding the wording of this sentence, we consider it equally plausible that the hearing officer meant that she was simply not persuaded by the testimony of the witnesses against petitioner that petitioner had left the medicine room unlocked or the medicine cart unattended, and that she believed the testimony to the contrary. There was competent, substantial evidence under these circumstances to support a finding that petitioner was not guilty of the charged misconduct. Hence the Board would not have been authorized to substitute its interpretation of the facts for that of the hearing officer, who was personally able to evaluate the testimony and demeanor of the witnesses. Koltay v. Division of General Regulation, Department of Business Regulation, 374 So.2d 1386 (Fla. 2d DCA 1979); Venetian Shores Home & Property Owners v. Ruzakawski, 336 So.2d 399 (Fla. 3d DCA 1976).
Because we are unable to absolutely determine the hearing officer's intent with respect to this finding of fact, and in an abundance of caution, we deem it necessary to remand for clarification by the hearing officer. The Board may then conduct its review of this case in the appropriate light.
In addition, the Board clearly erred in rejecting the hearing officer's finding that "[t]here were no written or oral instructions given to employees of the convalescent center relative to the locking of the door to the medication room, or to the attendance or placement of the medication cart." While there was testimony that accepted nursing practice requires that medicine rooms be kept locked when a health care provider is not in attendance and that medication also not be left unattended, there was no evidence that the employees of the convalescent center were given specific oral or written instructions with regard to the locking of the medicine room or the attendance or placement of the medicine cart. The only testimony concerning this issue was that of another employee, LPN Alice Russell, who had seen no written instructions and had never been given any oral instructions concerning these matters. The Board's rejection of the hearing officer's finding was not based on competent, substantial evidence.
Accordingly, the Board's order is REVERSED and the cause REMANDED with instructions to remand to the hearing officer for clarification of the finding of fact in question. Following clarification, the Board is instructed to reconsider petitioner's case in accordance with this opinion.
HOBSON, Acting C.J., and RYDER, J., concur.
NOTES
[1] Section 464.21(1)(b) provides in pertinent part:

(1) GROUNDS FOR DISCIPLINE.  The board shall have the authority to ... discipline the holder of a license or any other person temporarily authorized by the board to practice nursing in the state who has been found guilty by the board of:
.....
(b) Unprofessional conduct, which shall include any departure from, or the failure to conform to, the minimal standards of acceptable and prevailing nursing practice, in which proceeding actual injury need not be established.