405 So.2d 471 (1981)
DEPARTMENT OF PROFESSIONAL REGULATION, Appellant,
v.
Joseph WAGNER, D.C., Appellee.
No. WW-413.
District Court of Appeal of Florida, First District.
October 28, 1981.
Rehearing Denied November 20, 1981.
*472 Tina Hipple, Asst. Gen. Counsel, Tallahassee, for appellant.
J. David McFadden, Daytona Beach, and Paul Watson Lambert, Tallahassee, for appellee.
PER CURIAM.
Judith Matovina filed an administrative complaint against Dr. Wagner, a chiropractor, through the Department of Professional Regulation. The complaint alleged that on July 14, 1979, Matovina visited Dr. Wagner for treatment of headaches and that during the treatment Dr. Wagner repeatedly told her she was "such a baby," and told her she was a pretty girl, referring several times to her blue eyes. The complaint further alleged that Dr. Wagner conversed about his relationship with his wife of many years, his girlfriends, and the fact that he had had a vasectomy. Matovina charged that at one point Dr. Wagner attempted to induce her to dance with him and that he kissed her on the neck and forehead during the treatment without her consent. The complaint charged Dr. Wagner with attempting to induce, engage, or attempt to engage a patient in sexual activity outside the scope of practice or the scope of generally accepted examination or treatment of a patient in violation of Sections 460.412 and 460.413(1)(w), Florida Statutes.
Dr. Wagner requested an administrative hearing. The hearing was held before a Department of Administrative Hearings hearing officer who heard the testimony of Ms. Matovina and Dr. Wagner and entered a recommended order. The hearing officer's findings of fact included the following. Initially Ms. Matovina made an appointment for Thursday, July 12, but since she preferred not to miss work the appointment was rescheduled for Saturday, July 14. On that Saturday, after treating another patient, Dr. Wagner introduced himself and gave Matovina a pamphlet on the treatment of headaches by chiropractors and a form to fill out with information on her personal background and symptoms. At the beginning of the examination Dr. Wagner asked her some questions about her symptoms and her personal life and gave her a gown, instructing her to remove her clothing. Dr. Wagner then left the room. Ms. Matovina removed some of her clothing and put the gown on, leaving her slacks and shoes on. During the examination Dr. Wagner conversed about his relationship with his wife, his girlfriends, and the fact that he had had a vasectomy. Matovina had never before been to a chiropractor and she expressed her concern, to which Dr. Wagner remarked that she was "such a baby." Dr. Wagner examined her eyes, telling her she had pretty blue eyes and that his girlfriends had brown eyes. When Matovina asked where the doctor's receptionist was, Dr. Wagner said that he did not have a receptionist on Saturdays when he scheduled pretty patients. During one manipulation in which the patient stands against the wall with the doctor's arm behind her, Dr. Wagner said "they are playing our song" in response to the office music. At one point Dr. Wagner moved his hand toward Ms. Matovina's breast and brushed his hand across her breast. Matovina said several times during the examination that she had better leave, but Dr. Wagner repeatedly suggested one more therapy that might help. The hearing officer further found that Dr. Wagner kissed Ms. Matovina twice and that she finally insisted on dressing and leaving; when she came out to pay her bill Dr. Wagner acted as if nothing had happened. Ms. Matovina insisted on paying for the treatment at that time and left. The following week, Dr. Wagner's office contacted Ms. Matovina in order to schedule further appointments which she refused.
In his conclusions of law, the hearing officer set forth the applicable statutes, stating that a violation of Section 460.412 would constitute a violation of Section 460.413(1)(w) and justify disciplinary action under Section 460.413(2). The hearing officer concluded that Dr. Wagner's conduct constituted sexual misconduct in the practice of chiropractic in that he had attempted to *473 engage a patient in sexual activity outside the scope of generally accepted examination or treatment. The hearing officer stated that the resolution of the case required a credibility choice between Ms. Matovina and Dr. Wagner and that, while he recognized that neither witness's testimony was corroborated by other evidence, considering the demeanor of the witnesses at the final hearing and their possible motivations to give false testimony, he chose to accept Ms. Matovina's testimony. Further, the hearing officer concluded that some of the treatments which Ms. Matovina construed as having sexual overtones were legitimate. Other chiropractors testified, for example, that they used the positioning against the wall which is similar to a dancing position to treat headaches. The hearing officer further concluded, however, that because of the tenor of Dr. Wagner's conversation, the legitimate manipulations took on definite sexual connotations. In light of this, the fact that Dr. Wagner kissed the patient twice and brushed his hand across her breast could only be taken as an effort to use a chiropractor's position to seduce a patient. The hearing officer recommended that Dr. Wagner's license be suspended for 6 months and that upon restoration of the license, he be placed on probation for 18 months during which a third party would have to be present during the treatment of female patients.
Dr. Wagner filed exceptions to the recommended order and the Board of Chiropractic reviewed the recommended order. In its cursory order, the Board adopted the hearing officer's findings of fact, but completely rejected the conclusions of law, stating that the findings of fact did not establish as a matter of law sexual misconduct through the misuse of the chiropractor-patient relationship. No further reasoning was given for rejecting the conclusions of law. The Board determined that no action should be taken against Dr. Wagner and the Department of Professional Regulation appealed.
The transcript of the hearing before the Board of Chiropractic reflects some confusion on the part of the Board members as to their responsibilities under the Administrative Procedures Act in reviewing a hearing officer's recommended order. The transcript indicates that the Board reassessed the issue of credibility of the two primary witnesses and decided the question in Dr. Wagner's favor. It was apparently based on that reinterpretation of the facts that the Board rejected the hearing officer's conclusions of law, even though the Board expressly stated in its order that it accepted the hearing officer's findings of fact. Appellee argues that Dr. Wagner should not suffer for the Board's failure to construct an order the form of which complies with chapter 120. In fact, appellee asserts that the Board actually rejected the hearing officer's findings of fact and argues that certain of the hearing officer's findings of fact were actually conclusions of law, properly rejected by the board.
Contrary to appellee's argument, even if the Board had stated that it rejected the hearing officer's findings of fact, it could not have done so without determining from a complete review of the record that those findings were not based upon competent substantial evidence. Section 120.57(1)(b)9 Florida Statutes. The hearing officer's findings of fact are supported by competent substantial evidence in the record. Further, since the crucial findings were based on the hearing officer's determination of credibility of the respective witnesses considering their demeanor, rather than on a determination of the facts which approached an opinion on agency policy, the Board was not in a good position to reevaluate those particular findings of fact. McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). An agency may reject a hearing officer's conclusions of law; however, given that the findings of fact were or should have been accepted in the instant case and that those findings are supported in the record, the Board could not logically reach a conclusion contrary to that of the hearing officer as to the legal effect of Dr. Wagner's conduct. The facts as found by the hearing officer clearly constituted a violation of Sections *474 460.412 and 460.413(1)(w). Cf. Cenac v. Board of Accountancy, 399 So.2d 1013 (Fla. 1st DCA 1981); Wong v. Career Service Commission, 371 So.2d 530 (Fla. 1st DCA 1979).
We do not find persuasive appellee's argument that some of the hearing officer's findings of fact were improperly labeled and were actually conclusions of law which the Board could reject. Even isolating those findings of fact which might be viewed as conclusions of law, the remaining facts clearly indicate misuse of the chiropractor-patient relationship in the manner found by the hearing officer.
The final order of the Board of Chiropractic is REVERSED and REMANDED with instructions to reinstate the hearing officer's conclusions of law and determine an appropriate penalty.
McCORD and SHIVERS, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.