429 So.2d 790 (1983)
WASH & DRY VENDING COMPANY, Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 82-1442.
District Court of Appeal of Florida, Third District.
April 12, 1983.
*791 Cohen, Rogovin, Reed & Ivans and Lawrence Rogovin, Miami, for appellant.
James N. Watson, Jr., Tallahassee, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Appellant appeals from a final order of the Division of Alcoholic Beverages and Tobacco ("agency", "DABT") denying its application for a wholesale cigarette dealer's license. We reverse the final order and remand to the agency with directions to reinstate the hearing officer's recommended order.
Marlene Kantor and Eugene and Charlotte Milgram, doing business as Wash & Dry Vending Co., applied for a wholesale cigarette dealer's license from appellee agency as required by Section 210.15(1)(a), Florida Statutes (1981), in order to include cigarette vending machines in their inventory of vending and coin-operated laundry machines. Appellee denied the application, finding that the Milgrams did not meet the requirements of Section 210.15(1)(c); that is, they were not of "good moral character". The agency based this finding on the fact that the Milgrams were the owners of the Palace Bar and Lounge, Inc. which had its alcoholic beverage license revoked by appellee. The revocation was based upon an administrative action taken against the bar and the owners for negligently failing to exercise due diligence to prevent drug activity on the premises, a violation of the beverage law.[1]
Appellant requested an administrative hearing pursuant to Section 120.57(1), Florida Statutes (1981). The hearing officer took testimony from Marlene Kantor, Eugene Milgram, Robert Randall, a vice-president of Barnett Bank, and Jay Rossin, the Milgrams' certified public accountant. Mr. Randall testified that the Milgrams have reputations in the community as honest people, that all business loans obtained by them have been timely repaid, and that Barnett Bank would, if requested, extend to the Milgrams an unsecured line of credit of $500,000. Mr. Rossin testified that the Milgrams have good reputations in the community, *792 that all state and federal taxes have been filed and paid when due, and that all business records have been maintained in accordance with the applicable laws. Appellee DABT called no witnesses but did enter the final order on the Palace Bar license revocation as evidence of the Milgrams' poor moral character. The hearing officer evaluated the testimony, exhibits, and parties' post-hearing proposed findings of fact and conclusions of law and found, as a matter of fact, that the Milgrams have reputations as honest people. He concluded, as a matter of law, that they have demonstrated their entitlement to the requested permit and that the revocation of the Palace Bar's beverage license did not establish otherise. He recommended that the license be issued.
The agency's final order in this case adopted in full the hearing officer's findings of fact. It then added a paragraph detailing the reasons why the Palace Bar's license was revoked (undercover agents were able to purchase small amounts of drugs from bar patrons, measures taken by the Milgrams to stop the sale of drugs there were ineffective, the bar was a public nuisance). The agency's rejection of the order recommending that the license be issued was based solely on this one additional paragraph. The result becomes one of form over substance: on the one hand the agency found as a matter of fact that the Milgrams have reputations as honest people, they pay their taxes and they meet their financial obligations. On the other hand, the agency concluded as a matter of law that the Milgrams show such a want of good moral character that the wholesale cigarette dealer's license should be denied. The sole basis for that conclusion is the revocation of the beverage license for the Palace Bar and yet, the agency's own final order in that case admitted that the Milgrams neither participated in nor condoned the sale or use of drugs at their establishment and that they had taken certain measures, which later proved ineffectual, to eliminate drug use at the bar.
In Zemour, Inc. v. State of Florida, Division of Beverage, 347 So.2d 1102 (Fla. 1st DCA 1977), the court stated:
Moral character, as used in this statute, means not only the ability to distinguish between right and wrong, but the character to observe the difference; the observance of the rules of right conduct, and conduct which indicates and establishes the qualities generally acceptable to the populace for positions of trust and confidence. An isolated unlawful act or acts of indiscretion wherever committed do not necessarily establish bad moral character.
Id. at 1105. The agency brought forward no witnesses at the hearing who could testify that the Milgrams engaged in conduct which evinced bad moral character. The hearing officer found that the Milgrams are honest and trustworthy people and concluded that under the circumstances of the Palace Bar's license revocation, negligence could not be translated into a lack of good moral character. The hearing officer heard the testimony of the Milgrams' witnesses and observed their demeanor; his findings were based on his determination of credibility and thus should not be disturbed. Department of Professional Regulation v. Wagner, 405 So.2d 471 (Fla. 1st DCA 1981); Sapp v. Florida State Board of Nursing, 384 So.2d 254 (Fla. 2d DCA 1980); Koltay v. Division of General Regulation, Department of Business Regulation, 374 So.2d 1386 (Fla. 2d DCA 1979).
The agency adopted in full the hearing officer's findings of fact, added an additional paragraph, and based its rejection of the recommended order solely on the basis of the supplemental findings. Since the same information was evaluated by the hearing officer, the agency's action was an attempt to substitute its judgment for that of the hearing officer by taking a different view of, or placing greater weight on the same evidence. This the agency may not do. City of Umatilla v. Public Employees Relations Commission, 422 So.2d 905 (Fla. 5th DCA 1982); Bekiempis v. Department of Professional Regulation, 421 So.2d 693 (Fla. 2d DCA 1982); Department of Professional *793 Regulation v. Wagner, supra. We therefore reverse the agency's final order and remand this case to the agency with instructions to reinstate the hearing officer's recommended order.
Reversed and remanded with instructions.
NOTES
[1] This court previously affirmed without opinion the agency action. Palace Bar & Lounge, Inc. v. Dept. Business Regulation, Division of Alcoholic Beverages & Tobacco, 419 So.2d 1212 (Fla. 3d DCA), mandamus den., 417 So.2d 330 (Fla. 1982).