PER CURIAM.
The final order of the Department of Health and Rehabilitative Services is affirmed in part and reversed in part. The order is affirmed insofar as it determined that the appellant was not entitled to renew the contract between it and H.R.S. for the 1983-84 fiscal year, since even if, arguen-do, the appellant had the right to unilaterally renew such contract, it is apparent that such right had to be exercised before the expiration of the preceding fiscal year, that is, before H.R.S. committed its available funds. Insofar as the order determines that $17,962.75 is due to District XI of H.R.S., it is reversed, with directions that the recommendation of the hearing officer that H.R.S. is liable to the appellant in the amount of $50,411.50 pursuant to the contract for the 1982-83 fiscal year be approved. Our review of the record compels us to conclude that the findings of the hearing officer concerning the amounts due under the contract were based upon competent substantial evidence, and that the agency’s rejection of those findings constitutes an improper attempt to reweigh the same evidence. See Wash & Dry Vending Company v. State of Florida, Department of Business Regulation, 429 So.2d 790 (Fla. 3d DCA 1983).
Affirmed in part; reversed in part.