471 So.2d 1305 (1985)
Nicholas BACHYNSKY, M.D., Appellant,
v.
STATE of Florida, DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. AY-324.
District Court of Appeal of Florida, First District.
June 14, 1985.
Thomas G. Pelham and Deanna E. Boone, of Thomas G. Pelham, P.A., Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Susan Tully, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Dr. Bachynsky appeals final order of the Board of Medical Examiners denying his application for licensure as a physician by endorsement, pursuant to Chapter 458, Florida Statutes. We reverse.
At issue are (1) whether the Board erred in rejecting the Hearing Officer's conclusions of law, and (2) whether the Board erred in concluding that the evidence presented by Dr. Bachynsky does not establish good moral character as required for licensure by section 458.313(1)(b), Florida Statutes, which reads:
458.313 Licensure by endorsement. 
(1) The department shall issue a license by endorsement to any applicant who, upon applying to the department and remitting a fee not to exceed $250 set by the board, demonstrates to the board that he has met the qualifications for licensure in s. 458.311 and:
... .
(b) Is of good moral character and has not committed any act or offense within or without the state which would constitute the basis for disciplining a physician pursuant to s. 458.331;
*1306 The relevant part of s. 458.331, Florida Statutes, reads:
458.331 Grounds for disciplinary action; action by the board. 
(1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
... .
(c) Being convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to the practice of medicine or to the ability to practice medicine... .
... .
(2) When the board finds any person guilty of any of the grounds set forth in subsection (1), it may enter an order imposing one or more of the following penalties:
(a) Refusal to certify to the department an application for licensure.
... .
(3) The board shall not reinstate the license of a physician, or cause a license to be issued to a person it has deemed unqualified, until such time as it is satisfied that he has complied with all the terms and conditions set forth in the final order and that such person is capable of safely engaging in the practice of medicine.
The Board of Medical Examiners notified Dr. Bachynsky of its intent to deny his application for licensure on the grounds that:
The applicant has not demonstrated to the Board that he is capable of safely engaging in the practice of medicine with reasonable skill and safety to his patients based upon the evaluation report on his post-graduate training at Baylor University Medical Center in Dallas, Texas, and his misdemeanor conviction as required by Section 458.313 and 458.331(3), F.S.
At the administrative hearing, occasioned by the Board's provisional denial, Dr. Bachynsky called the Executive Director of the Board, and also called the Board's Medical Consultant as witnesses. In addition, Dr. Bachynsky testified in his own behalf. The Board did not call any witnesses.
The Hearing Officer's findings of fact consisted of 13 paragraphs of facts stipulated to by Dr. Bachynsky and the Board as well as 2 paragraphs of additional facts adduced at the hearing.
The stipulated findings of fact read:
1. Petitioner, Dr. Bachynsky, has been a duly licensed Medical Doctor in good standing in the State of Texas since 1973, and currently practices medicine in Houston, Texas, under a valid license issued by that state. (Petitioner's Composite Exhibit 4)
2. Dr. Bachynsky received his Ph.D. in Chemistry from Baylor University in Dallas, Texas, in 1968 and his Degree of Doctor of Medicine from the University of Tennessee Medical School, Memphis, Tennessee, in 1971, where he was an honors student with a class ranking of 3/100. Dr. Bachynsky was a Resident in Medicine and Pathology at the Mayo Clinic Graduate School of Medicine in Rochester, Minnesota, from 1972-73 and completed his Residency in Pathology at the Baylor University Hospital and Medical Center in Dallas, Texas, from 1973-74. (Petitioner's Exhibit 7)
3. On September 27, 1982, Dr. Bachynsky executed an Endorsement Application, seeking medical licensure by endorsement in the State of Florida, under the provisions of Section 458.313, Florida Statutes, and submitted same to the Board. The Endorsement Application was received by Respondent on October 6, 1982. A true copy of the Endorsement Application is attached hereto as Exhibit "A".
4. During the processing of Dr. Bachynsky's application, the Board requested and received an evaluation form concerning Dr. Bachynsky completed by George J. Race, M.D., Ph.D., the pathologist-in-chief of Baylor University Medical Center, Dallas, Texas. The evaluation form was dated October 12, 1982, and received by the Respondent on October *1307 25, 1982. Dr. Race served as the director of Dr. Bachynsky's post-graduate residency training at Baylor University Medical Center from July 1, 1973, to December 1, 1974. Dr. Race gave Dr. Bachynsky exclusively "good" and "superior" ratings on 12 of the 15 specific categories of the evaluation form. Dr. Race did not give a rating in three of the categories. However, his overall evaluation of Dr. Bachynsky was "with some reservation." A copy of Dr. Race's October 14, 1982, evaluation form is attached as Exhibit "B".
5. On October 27, 1982, the Board requested Dr. Bachynsky to provide additional information on Dr. Race's evaluation. On November 10, 1982, Dr. Bachynsky wrote to the Board that it was his understanding that Dr. Race's recommendation "with some reservation" related to two personal incidents that occurred during Dr. Bachynsky's residency. Dr. Bachynsky stated that he had discussed these matters with Dr. Race, and that Dr. Race, because he did not know the facts and details of Dr. Bachynsky's involvement in the criminal matter during his residency, felt compelled to give his recommendation "with some reservation." A copy of Dr. Bachynsky's November 10, 1982, letter to the Board is attached as Exhibit "C." (Petitioner's Exhibit 6)
6. The criminal matter about which Dr. Race was concerned was Dr. Bachynsky's plea of guilty to the federal misdemeanor charge of possessing stolen automobile parts of a value of less than $100.00 which Bachynsky knew in all probability had been stolen and transported in interstate commerce. A complaint was filed by the Federal Bureau of Investigation against Petitioner on August 13, 1974, charging him with transporting a stolen motor vehicle in interstate commerce. The complaint was subsequently dismissed and Dr. Bachynsky pled guilty to the misdemeanor offense on October 23, 1974, and received a two year unsupervised, probated sentence, which sentence was discharged at the end of eight months and the case was dismissed. A true copy of the Judgment and Commitment against Dr. Bachynsky is attached as Exhibit "D."
7. In his initial Endorsement Application, Dr. Bachynsky had responded "no" when asked if he had ever been convicted of a misdemeanor. Dr. Bachynsky responded "no" after a discussion with a Texas attorney, Larry R. Johnson. The attorney states that he had erroneously assumed the application of Texas law rather than federal law when he advised Dr. Bachynsky to answer "no." The Board had received an affidavit from Larry Johnson prior to its notice of intent to deny Dr. Bachynsky's application. True copies of Larry R. Johnson's letter of February 11, 1983, to the Board and his affidavit of the same date are attached as composite Exhibit "E."
8. Subsequently, on December 7, 1982, Respondent notified Dr. Bachynsky that a copy of the misdemeanor charge and the disposition of the charge would be required before processing of his application could be completed. Dr. Bachynsky then provided the Board with this information. In addition to receiving the information provided by Dr. Bachynsky relative to the charge, the Board contacted the United States Attorney James A. Rolfe who, then as an Assistant United States Attorney, prosecuted Dr. Bachynsky on the misdemeanor charge in 1974. By letter dated January 7, 1983, U.S. Attorney Rolfe explained the disposition of the criminal charge against Dr. Bachynsky. A true copy of Rolfe's January 7, 1983, letter to the Board is attached as Exhibit "F."
9. Dr. Bachynsky personally appeared before the Board at a public meeting on February 13, 1983, to address the Board's concerns regarding his medical licensure application. At that time, Dr. Bachynsky further discussed with the Board the circumstances surrounding his 1974 misdemeanor conviction, as well as the circumstances surrounding Dr. Race's evaluation of Dr. Bachynsky.

*1308 10. On March 22, 1983, the Board issued its notice of intent to deny Dr. Bachynsky's application for Licensure by Endorsement. The notice suggested that Dr. Bachynsky secure more information with respect to his post-graduate training at Baylor University and his conviction and re-appear before the Board. (Petitioner's Exhibit 1)
11. Prior to Dr. Bachynsky's second personal appearance before the Board on April 10, 1983, the Board received a tape recording of proceedings in the United States Magistrate Court on the 1974 misdemeanor charge. The tape recording reveals that Dr. Bachynsky knowingly and voluntarily pleaded guilty to the charge, which was described by the U.S. Magistrate as a "minor offense under the Federal Penal Law."
12. Also prior to Dr. Bachynsky's second personal appearance before the Board on April 10, 1983, the Board received a letter dated March 31, 1983, from Dr. Race asking that his evaluation of Dr. Bachynsky be upgraded from "Recommend with some reservation" to "Recommend as qualified and competent." In his letter, Dr. Race explained that the upgrading of the recommendation was based upon Dr. Race's reviewing additional information from U.S. Attorney Rolfe regarding Dr. Bachynsky's 1974 misdemeanor conviction. A true copy of Dr. Race's March 31, 1983, letter to the Board is attached as Exhibit "G." (Petitioner's Exhibit 2)
13. Dr. Bachynsky personally appeared a second time before the Board on April 10, 1983, contending that he had fully satisfied the two concerns expressed in the Board's March 22, 1983, notice of intent to deny. After hearing from Dr. Bachynsky and his attorney, Respondent voted to affirm its March 22, 1983, notice of intent to deny Dr. Bachynsky's application.
The additional findings of fact read:
14. Dr. George S. Palmer, a medical consultant to the Board of Medical Examiners, reviewed Petitioner's application file in November 1982, and found that Petitioner met all of the requirements for licensure by endorsement. He noted, however, that before final approval of the application, "the episode concerning the `stolen' car be cleared up." Although he had no knowledge of the details of that incident, he felt that it could have a bearing on a determination of Petitioner's moral character. Inquiry by the Board's staff to the medical boards of Tennessee and California, where Petitioner held active licenses, failed to reveal that he had ever been subject to disciplinary action in those states. It was further determined that Texas medical authorities had taken no action with regard to Petitioner's license as a result of his misdemeanor conviction. Inquiries to various hospitals at which Petitioner practiced failed to reveal any derogatory information. (Testimony of Palmer, Faircloth; Petitioner's Exhibit 5)
15. Petitioner testified that he had been in continuous practice since 1972. He is a family practitioner with emphasis on internal medicine. He is a member of the Harris County Medical Society and Texas Medical Association. He testified that although he regretted the incident in 1974, it did not involve patients nor affect his ability to practice medicine. However, he acknowledged that the conviction had "followed me and done much damage." A number of Houston physicians submitted letters in Petitioner's behalf which attested to his superior medical qualifications, active practice, and ethical conduct. (Testimony of Petitioner; Petitioner's Exhibits 3, 8)
Exhibit "F," letter dated January 7, 1983, to the Board from United States Attorney James A. Rolfe, and Exhibit "G," letter dated March 31, 1983, from George J. Race, M.D., Ph.D., to the Board, are set forth at the end of this opinion.
The Hearing Officer recommended that the Board approve the application for licensure. The Hearing Officer's Conclusions of Law in the Recommended Order read:

*1309 1. The parties stipulated to the following issues of law:
(1) Whether Dr. Bachynsky meets the qualifications of Sections 458.313 and 458.331, Florida Statutes, in view of his 1974 misdemeanor conviction for possession of stolen automobile parts of a value of less than $100.00 which were being transported in interstate commerce.
(2) Whether Dr. Race's evaluation report on Dr. Bachynsky's post-graduate residency training which gave Dr. Bachynsky "good" and "superior" ratings on all specific categories and a general recommendation of "qualified and competent", is a ground for denying Dr. Bachynsky's application under the provisions of Sections 458.313 and 458.331, Florida Statutes?
Section 458.313, Florida Statutes, sets forth the required qualifications for licensure by endorsement. It is undisputed that Petitioner meets all such qualifications other than Subsection 458.313(1)(b), which states, as follows:
(b) Is of good moral character and has not committed any act or offense within or without the state which would constitute the basis for disciplining a physician pursuant to s. 458.331. .. .
It is conceded by Respondent that Petitioner's 1974 misdemeanor conviction does not provide grounds for disciplinary action under Section 458.331, Florida Statutes. Respondent seeks to deny Petitioner's licensure under the theory that Petitioner lacks good moral character as a result of that conviction. Although this proposed ground for denial was not specifically stated in Respondent's letter of intent to deny the application, the statutory provision was cited, and Petitioner did not seek to clarify the matter prior to hearing.
2. The mere fact that an applicant was convicted of a criminal offense in the past does not necessarily mean that he is not presently of "good moral character."[1] In the instant situation, a period of over nine years has elapsed since the misdemeanor conviction, and it has not been shown that Petitioner's ability to practice medicine was ever adversely affected by reason thereof. On the contrary, Petitioner has established by the weight of the evidence that, over the years, he has maintained a thriving, successful medical practice, and that he is held in high regard by his peers. Indeed, even the United States Attorney who had prosecuted the case against the Petitioner recommends that his application be approved. Further, the original qualified recommendation of Dr. George J. Race was changed to a full recommendation after he became acquainted with the facts surrounding Petitioner's conviction. Accordingly, it is concluded that Petitioner has shown that he is of good moral character and should be licensed.
3. Respondent's reference to Section 458.331(3) is considered inapplicable to a determination of qualifications upon original licensure, and concerns only those situations where a final order of license denial has been previously issued by the Board. Even if applicable, it would not be a bar to licensure under the facts established in this proceedings.
The Board of Medical Examiners approved and adopted, in toto, the Hearing Officer's findings of fact in the Recommended Order and found there is competent, substantial evidence to support them. However, the Board denied the application for licensure based on the following Conclusions of Law:
1. The hearing officer's conclusions of law contained in paragraph 1 are approved and adopted in toto and are incorporated herein by reference. Paragraphs 2 and 3 of the hearing officer's conclusions of law are rejected as being without merit.

*1310 2. The Board concludes that the evidence presented by Petitioner does not establish "good moral character" as required for licensure by Section 458.313(1)(b), Florida Statutes. The Florida Supreme Court in Florida Board of Bar Examiners, Re: G.W.L., 364 So.2d 454 (Fla. 1978) defined good moral character as:
"... acts and conduct which would cause a reasonable man to have substantial doubts about an individual's honesty, fairness, and respect for the rights of others and for the laws of the state and nation."
363 [364] So.2d at pg. 458.
3. The record reveals that at the time Petitioner committed the unlawful conduct he was 29 years of age, possessed a B.S., M.S., Ph.D., and M.D. degrees, and had served as a Post-Doctoral Fellow. The credentials and professional experience of the Petitioner do not suggest an individual lacking in maturity, intelligence or the ability to understand the consequences of his conduct. The evidence demonstrates that Petitioner knew he was in possession of a stolen automobile and that he took no steps to see that it was returned to the lawful owner. In light of Petitioner's age, education and credentials at the time he committed the act, and his admission that at some point he knew the vehicle was stolen, the Board concludes that Petitioner's conviction, even though it took place over nine years ago, causes a reasonable man to have substantial doubts about Petitioner's honesty, respect for the rights of others and for the law.
4. As such, the Petitioner has failed to demonstrate he meets the requirements for licensure as a physician in the State of Florida.
We find that the Board's rejection of paragraph 2 and 3 of the Hearing Officer's conclusions of law was improper.
Wash & Dry Vending Company v. State Department of Business Regulation, 429 So.2d 790 (Fla. 3d DCA 1983), involved the issue of the moral character of an applicant for a wholesale cigarette dealer's license. At the section 120.57(1) hearing, the applicants presented evidence of their good reputations. The agency called no witnesses but submitted written evidence that the agency had previously revoked the alcoholic beverage license for the applicants' lounge as evidence of the applicants' poor moral character. After evaluating the evidence, the Hearing Officer found that the applicants had reputations as honest people, and concluded as a matter of law that they were entitled to a cigarette dealer's license.
The agency adopted in full the Hearing Officer's findings of fact but added a paragraph explaining the reasons why the applicants' beverage license had been revoked. Based solely on this additional paragraph, the agency concluded that the applicants lacked good moral character and rejected the Hearing Officer's recommended order that the applicants be given a license.
On appeal, the court reversed the agency order for the following reasons:
The agency adopted in full the hearing officer's findings of fact, added an additional paragraph, and based its rejection of the recommended order solely on the basis of the supplemental findings. Since the same information was evaluated by the hearing officer, the agency's action was an attempt to substitute its judgment for that of the hearing officer by taking a different view of, or placing greater weight on the same evidence. This the agency may not do.
429 So.2d at 792. Therefore, the court remanded the case to the agency with instructions to reinstate the Hearing Officer's recommended order. There, as here, the Board incorrectly substituted its judgment for that of the Hearing Officer by placing greater weight on the same evidence.
In Zemour, Inc. v. State of Florida, Division of Beverage, 347 So.2d 1102 (Fla. 1st DCA 1977), we held that an isolated unlawful act or acts of indiscretion wherever committed do not necessarily establish bad moral character.
*1311 In Village Zoo, Inc. v. Division of Alcoholic Beverages and Tobacco, 450 So.2d 920 (Fla. 4th DCA 1984), the corporation appealed the decision which set aside the hearing examiner's factual determination that a proposed corporate officer was of good moral character. The Fourth District Court of Appeal held that the evidence was sufficient to support inferences and conclusions drawn by the hearing examiner, and that the Division overstepped its authority in substituting its own evaluation of the evidence for that of the hearing examiner.
Here, the Board adopted the Hearing Officer's findings of fact, and the evidence was sufficient to support the Hearing Officer's finding that the appellant was of good moral character. The Board erred in substituting its own evaluation of the evidence for that of the Hearing Officer.
We conclude that the Board, faced with ample evidence of rehabilitation, could not reject the Hearing Officer's conclusion of law that the applicant was possessed of good moral character, in that the conviction was isolated and not rationally related to the practice of medicine.
We therefore reverse the agency's final order and remand to the agency with directions that an order be entered consistent with the Hearing Officer's Recommended Order that the appellant's application for licensure by endorsement to practice medicine be approved.
REVERSED and REMANDED with instructions.
SMITH and WIGGINTON, JJ., concur.

EXHIBIT F
 January 7, 1983
Ms. Willie J. Burch, Clerk
Board of Medical Examiners
130 North Monroe Street
Tallahassee, Florida
Re: Nicholas Bachynsky, M.D.
 Application for License
Dear Ms. Burch:
I have been requested by Dr. Bachynsky's lawyer to inform you of the criminal charges which were filed against Dr. Bachynsky and the disposition of those charges in order that Dr. Bachynsky's application can be presented to the Board.
At the time that Dr. Bachynsky was charged on August 13, 1974, I was the Assistant United States Attorney for the Northern District of Texas assigned to the prosecution of Dr. Bachynsky's case. I am presently the United States Attorney for the Northern District of Texas. A complaint was filed by the Federal Bureau of Investigation against Nicholas Bachynsky on August 13, 1974, for the violation of transporting in interstate commerce a stolen motor vehicle. The complaint was subsequently dismissed and on October 23, 1974, Dr. Bachynsky pled guilty to the misdemeanor offense of possessing automobile parts of a value of less than $100.00 which were being transported in interstate commerce. He received a two year probated sentence but was discharged from probation at the end of eight months and the case was dismissed.
Dr. Bachynsky was in his residency training at the time of this unfortunate incident and due to his excellent record, the United States Attorney's Office felt that justice would best be served if the case was disposed of in the above-stated manner. It is my understanding that Dr. Bachynsky is a very respected and qualified physician in his community and I recommend to you that his application for license to practice medicine be approved.
 Sincerely yours,
 /s/ James A. Rolfe
 JAMES A. ROLFE
 United States Attorney
JAR:cd

EXHIBIT G

March 31, 1983
Ms. Dorothy Faircloth, Executive Director Department of Professional Regulation State Board of Medical Examiners of Florida
Old Court House Square Building, Suite 150 130 N. Monroe Street Tallahassee, Florida 32301
*1312
 Re: Nicholas Bachynsky, M.D.
Dear Ms. Faircloth:
I would like to change my recommendation for Dr. Nicholas Bachynsky's licensure from "Recommend with some reservation" to "Recommend as qualified and competent." This is based on additional information received regarding his misdemeanor problem with Mr. James A. Rolfe, U.S. Attorney, on October 23, 1974.
I have never had any question that Dr. Bachynsky is an extremely well qualified physician and pathologist. His knowledge will be superior to most pathologists and I so recommended him as superior. He was a resident under my supervision in 1973 and 1974. At the time of the evaluation which I gave you in October 1982 I did not have any followup information regarding the problem which he had. Having obtained additional followup, I wish to upgrade my recommendation and would recommend him for licensure.
 Sincerely yours,
 /s/ George J. Race
 George J. Race, M.D., Ph.D.
GJR/grs
Enclosure
NOTES
[1] See, Zemour, Inc. v. State of Florida, Division of Beverage, 347 So.2d 1102 (Fla. 1st DCA 1977); Wash and Dry Vending Co. v. State, Dept. of Business Regulation, etc., 429 So.2d 790 (Fla. 3rd DCA 1983).