ZEHMER, Judge,
concurring specially.
I agree that the order on appeal should be affirmed for the reasons stated in the majority opinion. Appellant did not dispute that its percentage of food and nonalcoholic beverage sales never exceeded the required 51%, and stipulated to the financial data showing this fact. The sole defense urged by appellant was that it was not guilty of culpable conduct in that its operation of the restaurant was not a subterfuge for the operation of a bar or cocktail lounge with only incidental sales of food. See Department of Business Regulation v. Huddle, 342 So.2d 140 (Fla. 1st DCA 1977). Appellant agreed that its gross sales experience during the year in question did not qualify it to continue holding the special license, and sought only to avoid having the license revoked on the notion that appellant was guilty of culpable misconduct. It was to this end that evidence supporting the findings of fact made by the hearing officer was offered by appellant without objection by the Division. Similarly, it was to this end that the hearing officer recited in the conclusions of law:
The evidence of record does not, however, support a conclusion that Thee Doll House Beach restaurant was intended to be a subterfuge for the operation of a bar or cocktail lounge, with only incidental food sales. Respondent asks for the opportunity to surrender its beverage license for cancellation by DABT, contending that if DABT revokes its license, it will be forever disqualified from obtaining another beverage license, regardless of its lack of culpability. But see, Wash and Dry Vending Co. v. Department of Business Regulation, 429 So.2d 790 (Fla. 3d DCA 1983); The Village Zoo, Inc. v. Division of Alcoholic Beverages and Tobacco, 450 So.2d 920 (Fla. 4th DCA 1984). Since respondent is willing to surrender its license for cancellation, revocation of its license is not justified by the facts of this case, which indicate a simple failure of a new business to achieve its objectives, not culpable conduct by a licensee. Accordingly pursuant to Section 561.-29(5), DABT should revoke respondent’s license, but vacate the imposition of revocation if respondent surrenders its license for cancellation within 10 days of entry of DABT’s final order.
Since, as the majority opinion makes clear, culpability is not an issue in the revocation of this special license on the grounds alleged, it was not error for the Division to delete the above-quoted recitations from the hearing officer’s proposed order. On the other hand, it should be equally clear that, should appellant, its officers, directors, or shareholders apply for a beverage license in the future, the fact of this revocation cannot be given any connotation of wrongful or culpable conduct on their part which would defeat their right to receive such license if they are otherwise qualified. See Wash and Dry Vending Co. v. Department of Business Regulation, 429 So.2d 790 (Fla. 3d DCA 1983).