PER CURIAM.
This cause is before us on appeal from a final order of the Board of Medical Examiners (Board), denying Dr. Maravel’s application for licensure as a physician by endorsement, pursuant to Chapter 458, Florida Statutes (1983). We affirm.
Dr. Maravel has raised three issues, only two of which merit discussion: (1) whether the Board was authorized to deny Dr. Ma-ravel’s application for licensure because of an alleged violation of Sections 458.-331(l)(a) and (3), Florida Statutes (1983);[1] and (2) whether the Board erred in failing to grant Dr. Maravel a formal hearing.
In March of 1984, Dr. Maravel filed an application for licensure by endorsement with the Board. The application requested information on all universities or colleges where the applicant received medical training. Dr. Maravel listed only two schools and omitted his attendance at Toulouse, a French medical school. At a hearing, Dr. Maravel provided testimony regarding the reasons he omitted reference to Toulouse.
The Board denied Dr. Maravel’s licensure because of his omission of the French school, but it retained jurisdiction to reconsider his application when “amended to included foreign affidavit(s) and documentation from the school in Toulouse to verify your reason for departing that school.”
Dr. Maravel amended his application by listing Toulouse and submitted several documents; however, Dr. Maravel failed to provide documentation emanating from the French school verifying his reason for leaving. Dr. Maravel’s application was once again rejected.
Relying on Backynsky v. State of Florida, Department of Professional Regulation, Board of Medical Examiners, 471 So.2d 1305 (Fla. 1st DCA 1985), Dr. Maravel argues that Section 458.331(3) is inapplicable because it relates to reinstatement of licenses, not to original licensure.
However, a close reading of Ba-chynsky reflects that this court did not hold that Section 458.331(3) relates solely to reinstatement of licenses. Section 458.-331(3), Florida Statutes, quoted in footnote 1, supra, clearly states that it applies to original licensures as well as to reinstatement of licenses.
Dr. Maravel’s argument that he was not given notice that this section was at issue is likewise without merit. In the order dated January 22, 1985, the Board stated: “Your application and supporting documentation [do] not provide sufficient information to demonstrate that you can practice medicine with reasonable skill and safety. See Section 458.331(3), F.S.”
Additionally, in Farzad v. Department of Professional Regulation, Board of *483 Medical Examiners, 443 So.2d 373 (Fla. 1st DCA 1983), this court held that the failure of a Board order to cite the accurate statutory reference for taking disciplinary action did not result in prejudice to the licensee so long as she was informed accurately of the conduct upon which the charge was based.
Similarly, in this case, the two previous orders informed Dr. Maravel of the conduct upon which the charge was based. Specifically, the first order rejected Dr. Ma-ravel's application because supporting documentation failed to reflect that he had attended medical school in Toulouse, France. The second order rejected Dr. Ma-ravel’s amended application because the documentation provided failed to clear up the discrepancies in his application regarding his medical education.
Under issue three, Dr. Maravel argues he should have been granted a formal hearing pursuant to Section 120.57(1), Florida Statutes, because there were facts in dispute. However, a review of the record reflects that this case turned on Dr. Marav-el’s veracity and willingness to give complete and honest answers. This is an interpretation of fact as opposed to a dispute of fact. See Gentile v. Department of Professional Regulation, Board of Medical Examiners, 448 So.2d 1087, 1090 (Fla. 1st DCA 1984).
Based on the foregoing, we affirm.
BOOTH, C.J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.
SMITH, J., dissents with written opinion.

. Section 458.331, Florida Statutes, provides the grounds for disciplinar^ action. The pertinent sections are as follows:
(1) The following acts shall constitute grounds for which the disciplinary action specified in subsection (2) may be taken:
(a) Attempting to obtain, obtaining, or renewing a license to practice medicine by bribery, by fraudulent misrepresentations, or through an error of the department or the board.
(3) The board shall not reinstate the license of a physician, or cause a license to be issued to a person it has deemed unqualified, until such time as it is satisfied that he has complied with all the terms and conditions set forth in the final order and that such person is capable of safely engaging in the practice of medicine.