RAWLS, Judge.
Isiah White by petition for writ of certiorari pursuant to the provisions of Chapter 120, Florida Statutes 1969, F.S.A., challenges the refusal of the Director of the Division of Beverage to grant to him a retail liquor employee’s license.
We first turn to respondent’s procedural point concerning failure of petitioner to exhaust his administrative remedies. Respondent argues that Chapter 69-106, Laws of Florida 1969,[1] made the Beverage Department a Division of the Department of Business Regulations. The reasoning of respondent is that since subsection (3) of section 16 of said chapter provides in part, viz.:
“The board of business regulation is authorized to establish procedures for the administration of each division * *. Any interested person may appeal an adverse decision by a division to the board of business regulation.”
it was incumbent upon petitioner to exhaust this administrative remedy prior to instituting the instant petition for writ of certiorari to this Court. Respondent’s appendix contains an abstract from the minutes of a meeting of the Board of Business Regulations which adopted with a few changes the “Appellate Rules of the District Courts of the State of Florida 1962 Revision as amended through June 19, 1968, as an emergency Appellate procedure for the State of Florida Board of Business Regulations until such time as formal rules can be promulgated by the Board.” After detailing this administrative appellate procedure, respondent then argues that “We respectfully submit to the Court that these appellate rules provide that any person who has been aggrieved by the decision of the director of the beverage division, has the right to request a hearing by the department * * * ”
Respondent’s rules and its brief reflect without contradiction that the “hearing” contemplated is a full appellate review by the Board of Business Regulations of a record made up of a transcript, exhibits and briefs and subject in all respects to the technical and formal requirements of a judicial review. It is assumed that by reference to the “Appellate Rules of the District Courts of the State of Florida,” the Board intended that the Florida Appellate Rules be adopted. The most material changes were to provide for the filing of the notice of appeal within 10 days from an adverse ruling, the filing of appellant’s brief within 20 days thereafter, and the posting of bond by appellant. The rules adopted further provide for payment of a $25 filing fee, filing assignments of error, cross assignments of error, motions, briefs, and exhibits, and apparently all other provisions of the Florida Appellate Rules since no deletions were shown. There was no requirement that persons aggrieved by a Division order be notified of the right to appeal, the time for taking same and the name of the board to which application was to be made. We note that the statutory authorization for this complicated proceeding is contained in the single sentence quoted above. The rules thus adopted reflect that this is not the type of administrative proceeding which is contemplated by the principle of exhaustion of administrative remedies. We do not perceive that it was the legislative intent to deprive the citizens of Florida of expeditious and effective judicial review of agency orders by the pyramiding of “government upon government” in the name of Governmental Reorganization.
Chapter 120, Administrative Procedure Act, was initially enacted in 1961. The overall intent of this chapter is to grant to individual citizens quasi-judicial and judicial adjudication of their grievances as to bureaucratic action. Section 120.21 (1) provides, inter alia, that “Agency” means any state officer who constitutes the agency authorized by law to adjudicate any party’s legal rights or privileges. *265 Subsection (3) defines “Order” as the final decision, affirmative or negative, of any agency, including . orders relating to licensing. Section 120.31, entitled “Review of agency orders”, provides “ * * * As an alternative procedure for judicial review * * * the final orders of an agency entered in any agency proceeding * * * shall be reviewable by certiorari by the district courts of appeal * * * Reading the foregoing provisions in pari materia, we find that under the facts of this particular case the final action of the Director of the Division of Beverage in denying this license is reviewable by petition for writ of certiorari to this Court.
Isiah White applied for a PIC (person in charge of a retail establishment) license as an employee of Westside Investments, Inc. On December 29, 1969, the Director issued an order to Westside entitled “Official Notice of State Beverage Department of Florida.”[2] This official notice .advised Westside that Isiah White had failed to meet the qualifications required by law and that Westside must “cease and terminate the employment of the above named person [Isiah White] upon receipt of this notice”, pursuant to the provisions of Section 562.13, Florida Statutes. Rather than request a hearing, Isiah’s attorney pursued a novel road for discovering the facts relied upon by the Director in denying this application in that on January 9, 1970, the deposition of the Director was taken by Isiah’s attorney. Although this procedure did not in the strict term constitute a hearing, it did from a practical standpoint develop the factual information upon which the Director relied in refusing the subject application, and thus in all material respects served in the office of a hearing. The facts as developed by the deposition of the Director revealed that for the past fifteen years Isiah has possessed a license as a wholesale salesman of intoxicating beverages; several years ago Isiah was subjected to one incident of administrative discipline by the Department, but no proceedings have been instituted to suspend or revoke his license; and the Director found in the instant proceeding that Isiah was not of “good moral character” as prescribed in Section 561.15 because of (1) the above mentioned violation, (2) some “confidential” information which he was not at liberty to disclose, and (3) certain hearsay statements the Director had acquired some eight years ago when he was serving as Chief of Police of Maitland, Florida, although he could not identify the applicant as the same person who was the subject of the statements. Further elaboration on the record is not required.
Section 561.15(1) expressed the legislative intent that persons licensed by the Beverage Division shall be of good moral character. The legislature did not attempt to prescribe one type of good moral character for a person in charge of a retail establishment and a lesser type of good moral character for a person employed as a wholesale salesman. Apparently the Beverage Department does indulge in grading good moral character, because the Director stated that a person in charge of a retail establishment must meet a “better moral standard” than a person licensed to sell for a wholesaler. The Department, having found for a period of fifteen years that Isiah White is of good moral character, is not now in a position to contend otherwise, especially upon the basis of “confidential information” which it refuses to disclose to the applicant. It is elementary that a citizen is entitled to the reasons given for denial of his license application.
Petitioner challenges the constitutionality of Section 561.15(1) primarily upon the contention that it does not specify the standards for “good moral character.” We doubt that the legislature could in its infinite wisdom detail each salient standard *266 for good moral character. What constitutes good moral character is a matter to be developed by facts, evaluated by the agency, with a judicial review of same ever available. The subject statute is constitutional; however, the application of the facts in this instance did not follow constitutional guidelines.
Certiorari is granted with directions to grant the application of petitioner.
JOHNSON, C. J., and SPECTOR, J., concur.

. Commonly known as the Governmental Reorganization Act of 1969.

. Note: Throughout these proceedings the Division of Beverage is referred to in its past capacity as Beverage Department.