257 So.2d 59 (1972)
Sam O'NEIL and Gladys Walker, Petitioners,
v.
Richard A. PALLOT et al., Respondents.
No. P-182.
District Court of Appeal of Florida, First District.
January 11, 1972.
Rehearing Denied February 14, 1972.
Ben H. Dickens and Wilton R. Miller, of Bryant, Dickens, Rumph, Franson & Miller, Tallahassee, for petitioners.
Robert L. Shevin, Atty. Gen., Herbert T. Schwartz, Deputy Atty. Gen., M. Stephen Turner and Roger W. Foote, Asst. Attys. Gen., J. Riley Davis, Tallahassee, and Cowart & Onett, Miami, for respondents.
SPECTOR, Chief Judge.
This is a petition for writ of certiorari to review an order of the respondent Board of Business Regulation which reversed an earlier order of the Florida Racing Commission, a division of the respondent Board.
Petitioners are the driver and owner, respectively, of "Tropical Time", a pacing and trotting horse that ran in a harness race held at Pompano Track in Broward County on March 20, 1970. The horse led throughout the race in question and finished in first position. During the race no violation was detected or called by either the stewards or the patrol judges who have the duty to police the races and enforce the rules of the Racing Commission. After the race the driver of respondent Sheehan's horse complained of a violation to *60 stewards who, after reviewing the film of the race, disqualified Walker's horse and placed it second behind Sheehan's horse. This decision of the stewards was made without a hearing of the type contemplated by Sections 120.22 and 120.26, Florida Statutes, F.S.A.
As provided by Section 550.02(4), Florida Statutes, F.S.A., as implemented by Rule 7E-4.27 of the Department of Business Regulation which was in effect at all times material thereto, petitioners requested a hearing before the Commission to review the action of the stewards. A hearing was had which was in conformance with due process as delineated by Section 120.26, Florida Statutes, F.S.A., of the Florida Administration Procedure Act. At this hearing petitioners were represented by counsel as were the Sheehans and the Commission itself. Sworn testimony was presented to the Commission sitting as the trier of fact to determine whether the evidence showed that petitioner's driver violated a rule requiring their horse to be placed second instead of first. The specific rule said by the stewards to have been violated provided as follows:
"Rule 7E-4.22 Racing and Track Rules.

(1) Although a leading horse is entitled to any part of the track except after selecting his position in the home stretch, neither the driver of the first horse or any other driver in the race shall do any of the following things, which shall be considered violation of driving rules:
* * * * * *
(h) Change course after selecting a position in the home stretch and swerve in or out, or bear in or out in such manner as to interfere with another horse or cause him to change course or take back."
The driver of Tropical Times gave sworn testimony to the effect that he did not swerve, bear in or out in a manner that interfered with Sheehan's horse. Moving pictures of the race were run and rerun for viewing by the Commission. A disinterested witness testified that he watched the race from a vantage point near the place where the alleged infraction occurred and he stated that there was no infraction. Two of the stewards were present and they gave testimony as to what they observed and were given an opportunity to point out the occurrence of the infraction while the moving picture was being run, but they were unable to do so satisfactorily. The Commission also entertained and considered an affidavit by the driver of Sheehan's horse in which he asserted that petitioner driver bore into the rail after having abandoned the rail position, thus causing affiant to take back after he had made a move for the rail position in order to drive on through. Affiant further stated that had this not occurred, he would have won the race.
A reading of the transcript of the hearing before the Commission makes it quite clear that its ruling that no infraction of the rules occurred was supported by competent substantial evidence. Accordingly, the weight of the evidence based upon which that ruling was made cannot be reweighed by a tribunal acting in an appellate capacity. Florida State Board of Dental Examiners v. Feinglass, 166 So.2d 686 (Fla.App. 1964), and United States Casualty Company v. Maryland Casualty Company, 55 So.2d 741 (Fla. 1951). The rule is well settled that the weight is for the fact trying administrative agency and not for the courts, even though a court may reach a contrary conclusion on the same testimony. Butler v. Carter, 123 So.2d 313 (Fla. 1960).
Following the Commission's ruling reinstating petitioner's horse to first place, respondent Sheehan filed an appeal before the Board of Business Regulation, pursuant to Board Rule 7-1.01, et seq., contending in his assignments that the Commission's order was not supported by competent substantial evidence and that the order is contrary to the weight of the evidence presented before the Commission. *61 In view of our discussion of the evidence above, there is no merit whatever to the latter contentions.
The only question raised by respondent Sheehan before the Board which merits discussion is whether a decision of stewards or judges at a racing meet is presumptively correct and subject to change by the Commission only if not supported or founded on any competent evidence. The presumption of correctness which respondent Sheehan ascribes to the decision of the stewards is one which the courts of this state have accorded only to judgments and decisions entered after a full administrative hearing where the parties affected have been afforded an opportunity to be represented by counsel, present witnesses in their behalf and cross-examine witnesses against them in the manner envisioned by Section 120.26, Florida Statutes, F.S.A. A like conclusion seems to be inherent in the rules adopted by the respondent Board itself as reflected by the body of rules it promulgated relating to hearings before the Commission to review the decisions of stewards. See Board Rule 7E-4.27 implementing Section 550.02(4), Florida Statutes, F.S.A. This is especially so when considered in light of Section 120.22 and 120.26, Florida Statutes, F.S.A., of the Administrative Procedure Act. It is only after an administrative hearing with all of the procedural safeguards has been had that a presumption of correctness can be indulged in by the courts as to any administrative action which is quasi-judicial in character.
When respondent Sheehan sought review of the Commission's decision before the Board, that body was sitting in an appellate capacity pursuant to Section 20.16(3), Florida Statutes, F.S.A., providing that any interested person may appeal an adverse decision by a division to the Board of Business Regulation. Pursuant to its authority to act in an appellate capacity to review decisions rendered by any of its divisions, the Board enacted an elaborate set of appellate rules establishing the procedure by which it will consider appeals. Such rules are published in the Florida Administrative Code and only a cursory glance at them establishes that they are rules by which appellate review may be had on a record made before a division, in this case the Racing Commission, sitting as the trier of fact. Those rules expressly provide that they are to be construed in conformity with the Florida Appellate Rules. Indeed, a reading of the transcript of the proceedings before the respondent Board makes it quite clear that the Board was acting in an appellate capacity when it considered the appeal from the Commission's decision. No witnesses were presented; no evidence was adduced. The entire proceeding consisted of argument by respective counsel as to whether the decision of the Commission was supported by the evidence.
While it has been held that a decision of a division of the Board may be reviewed by petition for certiorari brought directly to a District Court of Appeal, White v. Beary, 237 So.2d 263 (Fla.App. 1970), it is equally clear that the legislature has provided for an alternative method of review within the administrative framework. Section 20.16(3), Florida Statutes, F.S.A. Provisions for administrative review are not uncommon. 1 Fla.Jur., Adm.Law §§ 155, 195. Where an administrative tribunal acts in an appellate capacity, as the respondent Board did in the case at bar, the rule is well settled that it must apply the substantial evidence rule in its review process. Thus, where the lower administrative tribunal acts as the finder of fact, an appellate administrative tribunal cannot reweigh the evidence but can only inquire as to whether the ultimate facts found by the lower tribunal are supported by competent substantial evidence. Moreover, where judicial review follows administrative review, the court will look to the agency which conducted the evidentiary hearing rather than the appellate administrative hearing to determine at what stage the substantial evidence rule should be *62 applied. A full discussion of this principle is found in United States Casualty Company v. Maryland Casualty Company, supra.
Application of the principles discussed above and elaborated upon in the United States Casualty Company case, supra, to the facts of this case requires us to hold that the Board erroneously reversed the decision of the Commission inasmuch as the latter body's decision was supported by competent substantial evidence that no infraction of the rules was committed by petitioner driver.
The order of the Board reviewed herein is quashed and this case is remanded to the Board with directions to affirm the decision of the Racing Commission.
WIGGINTON and JOHNSON, JJ., concur.