389 So.2d 692 (1980)
Mark H. FELDMAN, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. 80-58.
District Court of Appeal of Florida, Fourth District.
October 29, 1980.
*693 Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellant.
H. Reynolds Sampson, General Counsel, and Margaret-Ray Kemper, Tallahassee, for appellee.
PER CURIAM.
This appeal centers on whether the Department of Transportation properly overruled a determination by hearing officer that the petitioner was entitled to certain moving expenses when he was forced to relocate his medical office because of nearby road improvements made by the Department in Broward County. Under the Department's regulations the petitioner was not entitled to moving expenses if he maintained a "second office" in the county which second office was not affected by the road improvements.
At issue before the hearing officer was whether petitioner maintained a second office. The evidence revealed that at one time the petitioner had maintained a different office within Broward County but had sold this office to his former partner well before the road project commenced. Under his agreement with the former partner, the appellant still maintained some slight contacts with that office. However, the hearing officer found that such contracts did not constitute a second office.
Obviously at least one of the purposes of the regulation in question is to deny moving expenses to someone who has another existing office available if displaced by the Department's road project. The hearing officer found, and there is evidence to support his finding, that the petitioner had no such "second office" available.
Although Section 120.57(1)(b)(9), Florida Statutes (1979) allows the Department to reject or modify the conclusions of law of the hearing officer, it can only do so if a complete review of the record reveals that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law. Moreover, even if the Department does so find after review it must state its grounds for so finding "with particularity" which it did not do in the case now before us.
*694 Appellee erroneously contends that the conclusion as to whether appellant maintained a second office is one of law. An affirmative finding would necessarily mean that appellant would not be entitled to certain moving expenses under the Department's regulations.
A conclusion of law is one arrived at by the application of fixed rules of law. Ultimate facts are those found in that vaguely defined area lying between evidentiary facts on the one side and conclusions of law on the other and are the final resulting effects which are reached by the process of logical reasoning from the evidentiary facts. See generally 43 Words and Phrases, Ultimate Fact, pp. 4-14 (1969).
Here, there is no dispute as to the evidentiary facts concerning appellant's connection with the other office. The only issue upon which the hearing officer and the Department differed was as to the effect to be given these evidentiary facts; thus the two differed in their resolution of the ultimate fact. That being so, in reviewing a finding of fact of the hearing officer, albeit a finding on the ultimate fact issue, the department reversed the decision of the hearing officer where there was some competent substantial evidence to support the hearing officer's conclusion. This was improper even though we ourselves might have ruled in a manner contrary to the conclusion reached by the hearing officer.
Accordingly, this cause is reversed and remanded for reinstatement of the hearing officer's findings.
REVERSED AND REMANDED.
LETTS, C.J., and ANSTEAD and HERSEY, JJ., concur.