430 So.2d 598 (1983)
Diane AQUINO, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION and Board of Real Estate, Appellees.
No. 82-119.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
*599 Stephen L. Raskin, Miami, for appellant.
Jim Smith, Atty. Gen., and Linda A. Lawson, Asst. Atty. Gen., Tallahassee, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a final order of the Florida Board of Real Estate, denying appellant's application for a real estate salesman's license. We reverse and remand.
Appellant's application was denied by appellee whose final order said:
The Recommended Order is rejected as to the specific Conclusion of Law that a sufficient lapse of time has occurred for Petitioner to overcome the statutory disqualification applicable to Petitioner pursuant to § 475.25, F.S.[1]
The foregoing order, in essence, makes the evidentiary hearing which was conducted pursuant to section 475.17(1), Florida Statutes (1981),[2] a meaningless gesture, notwithstanding the following findings of fact by the hearing officer[3] with respect to appellant's conduct in the five year period succeeding events which led to a consent order entered by the Securities and Exchange Commission:
4. Here the illicit conduct[4] occurred 5 years ago, giving Petitioner a sufficient time to rehabilitate herself. Since 1976 Petitioner has held a number of responsible positions. She is now engaged in a business that involves handling other people's money on a day-to-day basis. She has done so in a responsible and honest manner. Uncontroverted testimony clearly established she has a reputation for fair and honest dealings. It is apparent that the interest of the public and investors will not likely be endangered by the granting of the application for registration. Accordingly, it is concluded that applicant is qualified for licensure within the meaning of Subsection 475.17(1), supra, and the application should be granted.
In State ex rel. Corbett v. Churchwell, 215 So.2d 302, 304 (Fla. 1968), the relator was also seeking a real estate salesman's license; and in his application he recited that he had been convicted of a misdemeanor five years earlier and fined $150.00. When the Florida Real Estate Commission denied the relator's application without a hearing, the supreme court ordered that a hearing be held, saying:
It is seldom that an application will, on its face, reflect disqualification or ineligibility of the applicant. In the instant case it revealed conviction of a municipal offense five years before. Regardless of *600 its impact as an index to relator's character at that time, we cannot conclude as a matter of law that it would continue forever to exclude him from the ranks of an honorable profession. Certainly relator would be entitled to try to show rehabilitation or even mitigation, and when the Commission conducts its own investigation he should be permitted an adversary hearing under the statute. (Emphasis in the original.)
The order presently being appealed, in essence, ignores the foregoing language and thus cannot stand. We have no intention of discouraging the Board from carefully weeding out applicants and disciplining unprofessional licensees; and the public must be protected from those who would prey on it and abuse the trust which any professional license requires. However, appellee was required by Corbett to provide appellant with an evidentiary hearing; and having provided it, the Board tendered no evidence of her misconduct since the episodes mentioned hereinabove. All of the evidence pointed towards rehabilitation; and the hearing officer so found. That being the case, the Board was then bound by section 120.57(1)(b)(9), Florida Statutes (1981), which provides:
9. The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court reverses an agency's order, the court in its discretion may award attorney's fees and costs to the aggrieved prevailing party.
Rather than complying with the foregoing statute, the Board reacted as if the hearing never took place.[5]
This case gives us the opportunity to make a final observation with respect to an earlier decision of this court, interpreting said statute. In Feldman v. Department of Transportation, 389 So.2d 692, 693 (Fla. 4th DCA 1980), the following language appears with respect to the identical 1979 statute:
Although Section 120.57(1)(b)(9), Florida Statutes (1979) allows the Department to reject or modify the conclusions of law of the hearing officer, it can only do so if a complete review of the record reveals that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law. Moreover, even if the Department does so find after review it must state its grounds for so finding "with particularity" which it did not do in the case now before us. (Emphasis supplied.)
The emphasized portion was a scrivener's error and should read:
reject or modify the findings of fact
On remand appellee is directed to enter an appropriate order, granting the relief sought by appellant.
WILLIAM C. OWEN, Jr., Associate Judge, concurs.
HURLEY, J., concurs in part and dissents in part, with opinion.
HURLEY, Judge, concurring in part and dissenting in part.
I concur in the court's assessment that the Board of Real Estate abrogated its responsibility in this case. Nonetheless, I hesitate to adopt the majority's remedy, i.e., mandate the issuance of a license. The Board of Real Estate exists to safeguard the public. In my view, we should insist *601 that the Board fulfill its responsibility by complying with the law.
It is well-settled that an administrative agency's final order must display the agency's rationale. This is especially necessary if the judicial branch of government is to adhere to its role and "allow the agency full statutory range for its putative expertise and specialized experience." McDonald v. Department of Banking and Finance, 346 So.2d 569, 583 (Fla. 1st DCA 1977). For this reason, the McDonald court held that
[f]ailure by the agency to expose and elucidate its reasons for discretionary action will, on judicial review, result in the relief authorized by Section 120.68(13): an order requiring or setting aside agency action, remanding the case for further proceedings or deciding the case, otherwise redressing the effects of official action wrongfully taken or withheld, or providing interlocutory relief.
Id., at 584.
Although I am sympathetic with the majority's remedy, I think the public interest would be better served by remanding the cause to the Board of Real Estate with instructions to enter an amended order containing an explication of the policy decision denying a license to the petitioner or, in the alternative, to issue a license to the petitioner.
NOTES
[1] Section 475.25, Florida Statutes (1981) provides the grounds upon which the Board may deny an application for licensure.
[2] Section 475.17(1) provides in part:

If the applicant has been denied registration or a license or has been disbarred, or his registration or license to practice or conduct any regulated profession, business, or vocation has been revoked or suspended, by this or any other state, any nation, possession, or district of the United States, or any court or lawful agency thereof, because of any conduct or practices which would have warranted a like result under this chapter, or if the applicant has been guilty of conduct or practices in this state or elsewhere which would have been grounds for revoking or suspending his license under this chapter had the applicant then been registered, the applicant shall be deemed not to be qualified, unless, because of lapse of time and subsequent good conduct and reputation, or other reason deemed sufficient, it shall appear to the board that the interest of the public and investors will not likely be endangered by the granting of registration. (Emphasis supplied.)
[3] Paragraph 4 was misdesignated as a conclusion of law by the hearing officer.
[4] Appellant worked in New York City as a registered representative for Colonial Securities, a brokerage firm which violated SEC regulations by selling unregistered securities to the public (i.e., legend stock, sold prematurely and therefore, illegally to the public). Appellant was among five persons employed by Colonial Securities who were charged with violations. Although the SEC charged that appellant wilfully aided and abetted the violations in question, appellant contended that she had no knowledge of such and had not directly participated in selling the stock. Additionally, appellant emphasized that no investor had suffered any monetary loss in the transaction.
[5] The hearing officer's misdesignation of fact finding as a conclusion of law did not absolve the Board from its obligations.