555 So.2d 1254 (1989)
Marlyn SMITH, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 88-1408.
District Court of Appeal of Florida, Third District.
December 5, 1989.
Rehearing Denied February 15, 1990.
Mark King Leban, Gold & Fox, Marshall G. Wiseheart, Miami, for appellant.
Hogg, Allen, Ryce, Norton & Blue and Mark Lebitt, for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
This is an appeal by a state employee Marlyn Smith from a final order of the Public Employees Relations Commission [PERC] which (a) upholds a twenty-day suspension of her imposed by the Florida Department of Health and Rehabilitative Services [HRS], and (b) rejects a contrary conclusion reached by the hearing officer who heard the testimony adduced in this case. We reverse the order under review and remand the cause to PERC with directions to accept the hearing officer's proposed order [save for the finding that the charge filed was legally insufficient] based on the following briefly stated legal analysis.
First, HRS charged its administrative employee Marlyn Smith with negligent performance of her duties in that she failed, as an HRS human services program supervisor, "to provide proper supervision and direction to ensure that all staff under [her] area of responsibility followed the district's procedure dated March 5, 1986, [which] ... states that `[n]o children shall be allowed to sleep overnight in the screening area of the Dade Juvenile Detention Center,'" and that she was "negligent in failing to follow established procedures by not exerting diligent efforts to secure adequate space on a daily basis, by utilizing licensed foster homes as a resource." (R. 1207-08.).
Second, the hearing officer, after receiving evidence in the cause, entered a proposed order which concluded that HRS did not have cause to discipline Smith for negligence. In this order, the hearing officer based his conclusion of non-negligence on the certain findings of fact which are *1255 supported by competent, substantial evidence. These findings may be briefly stated as follows:
a. Marlyn Smith was in charge of finding emergency shelter care placement for dependent children brought into the Dade County Juvenile Justice Center [Center]  and was therefore responsible for carrying out HRS' policy directive that such children should not sleep overnight in the Center.
b. From January to April 1987, there was a shortage of shelter care and foster care beds for such dependent children in Dade County due to insufficient funding. As a result, in some cases it took six to thirteen hours to find shelter placement for dependent children brought into the Center. The children awaiting placement were kept in a screening area at the Center; these children would often fall asleep while awaiting placement and some [approximately 5-10] had to stay overnight prior to being placed.
c. Smith and her staff were in daily touch with the shelter care and foster care homes in the area and utilized their best efforts to place these dependent children upon arrival at the Center. Despite these best efforts, there were times where children unavoidably slept overnight at the Center.
d. Smith's subsequent statement to her superiors that "they had become complacent over the years" about the problem of children sleeping overnight at the Center ["complacency" statement] was against Smith's interest, but was not an admission of negligence, as charged in the notice. This is particularly true when read in light of the record evidence that Smith and her staff worked diligently to find emergency shelter care for children bought to the Center.
Third, the legal standard which PERC was required to follow when reviewing the hearing officer's findings of fact was recently restated by the First District in Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281-82 (Fla. 1st DCA 1985):
"Section 120.57(1)(b)9, Florida Statutes (1983), mandates that an agency accept the factual determinations of a hearing officer unless those findings of fact are not based upon `competent substantial evidence.' A number of cases have defined the competent, substantial evidence standard. The seminal case is De Groot v. Sheffield, 95 So.2d 912 (Fla. 1975), in which the Florida Supreme Court described it as `such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred' or such evidence as is `sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached.' 95 So.2d at 916. Since this oft-cited definition is somewhat broad and capable of diverse interpretations and applications, the following rules for agency review of proposed orders should help agencies understand and properly apply the accepted view of the competent, substantial evidence standard.
Factual issues susceptible of ordinary methods of proof that are not infused with policy considerations are the prerogative of the hearing officer as the finder of fact. McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977). It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence. State Beverage Department v. Ernal, Inc., 115 So.2d 566 (Fla. 3d DCA 1959). If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other. The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion. We recognize the temptation for *1256 agencies, viewing the evidence as a whole, to change findings made by a hearing officer that the agency does not agree with. As an appellate court, we are sometimes faced with affirming lower tribunal rulings because they are supported by competent, substantial evidence even though, had we been the trier of fact, we might have reached an opposite conclusion. As we must, and do, resist this temptation because we are not the trier of fact, so too must an agency resist this temptation since it is not the trier of ordinary factual issues not requiring agency expertise."
Fourth, PERC accepted substantially all of the above findings of fact of the hearing officer but disagreed with the officer's inference of non-negligence based on these facts. In particular, PERC inferred negligence on the part of Smith because (a) she did not notify her superiors of the placement problems she was having, and (b) she admitted this to be true by her aforesaid "complacency" statement to her superiors. Admittedly, these were significant factors for the hearing officer to weigh, but we do not agree that Smith's failure to fully ventilate this problem with the HRS hierarchy outweighed, as a matter of law, Smith's otherwise daily diligent effort, in the face of chronic resource deficiencies, to place dependent children in shelter care and foster care homes so as to compel a conclusion of negligence. Moreover, the hearing officer found that Smith's immediate supervisor was already fully aware of the overnight sleeping problem, and that Smith's "complacency" statement was not a confession of negligence as charged. Stated differently, we think reasonable people could differ as to whether Marlyn Smith was negligent in her duties as charged, and, accordingly, PERC was bound by the hearing officer's reasonable inference of non-negligence based on the conflicting inferences which arise from the evidence in this record. Heifetz.
Fifth, we conclude that PERC correctly rejected the hearing officer's legal conclusion that the charge against Marlyn Smith was legally insufficient. The notice filed herein was specific enough to inform the employee with reasonable certainty of the nature of the charges against her; notices of this sort in administrative proceedings are not required to meet technical niceties or formal exactness as required of pleadings in the courts. State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705 (1934); Seminole County Bd. of County Comm'rs v. Long, 422 So.2d 938, 940 (Fla. 5th DCA 1982), rev. denied, 431 So.2d 989 (Fla. 1983).
The final order under review is reversed, and the cause is remanded to PERC with directions to enter the hearing officer's recommended order, save for that portion of the order which finds that the notice of charges was legally insufficient.
Reversed and remanded.