PER CURIAM.
This is an appeal from a final judgment which finally disposed of the plaintiffs’ two count complaint.
As to Count I alleging slander of title, the defendant’s motion to dismiss was granted with prejudice without granting any leave to amend, and final judgment thereon was duly entered. Based upon our review and the appellate arguments we are of the opinion that plaintiffs should have been afforded an opportunity to amend Count I of their complaint and that it was an abuse of discretion to not so allow. Rule 1.190(a), Florida Rules of Civil Procedure; Dryden Waterproofing, Inc. v. Bogard, 488 So.2d 672 (Fla. 4th DCA 1986.)
As to Count II alleging negligence where the trial court granted final summary judgment in favor of the defendant and against the plaintiff, it is our view that such action was erroneous in that there were material issues of fact which precluded judgment being entered as a matter of law. There was, for instance, an issue as to whether defendant’s actions were the proximate cause of plaintiffs’ damages.
We reverse the dismissal of Count I of plaintiffs’ complaint and remand with instructions to allow an amendment of the Count. We reverse the summary final judgment disposing of Count II of Plaintiffs’ complaint and remand for further proceedings.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.
LETTS, J., dissenting without opinion.