573 So.2d 187 (1991)
Steven ALBERT, Appellant,
v.
FLORIDA DEPARTMENT OF LAW ENFORCEMENT, CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, Appellee.
No. 89-2200.
District Court of Appeal of Florida, Third District.
January 22, 1991.
Klausner & Cohen and Barry R. Lerner, for appellant.
Joseph S. White, Tallahassee, for appellee.
Before FERGUSON, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant Steven Albert seeks review of the denial of his certification as a correctional *188 officer by the Criminal Justice Standards and Training Commission of the Florida Department of Law Enforcement. We reverse.
Albert was hired by Dade County as a correctional officer and applied for certification by the Criminal Justice Standards and Training Commission of the Florida Department of Law Enforcement. After an initial denial of certification, an administrative hearing was held on the question of whether Albert satisfied the statutory requirement that he "[h]ave a good moral character as determined by a background investigation under procedures established by the Commission." § 943.13(7), Fla. Stat. (1987). The hearing officer found that Albert had demonstrated good moral character and recommended certification. The hearing officer's finding of good moral character was embodied both in the findings of fact and conclusions of law.
On review of the recommended order, the Commission did not disturb the hearing officer's findings of fact. Instead the Commission treated the issue of good moral character as being a conclusion of law.[1] It sustained the Department's exceptions thereto, and denied certification. Albert has appealed.
In the context of professional and occupational licensing, the question of what constitutes "good moral character" has been held to be ordinarily a question of fact for the trier of fact. See Bachynsky v. State Dep't of Professional Regulation, 471 So.2d 1305 (Fla. 1st DCA 1985); Village Zoo, Inc. v. Division of Alcoholic Beverages & Tobacco, 450 So.2d 920, 921 (Fla. 4th DCA 1984); White v. Beary, 237 So.2d 263, 266 (Fla. 1st DCA 1970); see also Aquino v. Dep't of Professional Regulation, 430 So.2d 598 (Fla. 4th DCA 1983); Wash & Dry Vending Co. v. State Dep't of Business Regulation, 429 So.2d 790 (Fla. 3d DCA 1983). The result is otherwise, of course, where a specific provision of a statute or rule categorically excludes an applicant from consideration. See e.g., § 943.13(4), Fla. Stat. (1987)(excluding applicants who have certain felony or misdemeanor convictions);[2]see also Cirnigliaro v. Florida Police Standards & Training Comm'n, 409 So.2d 80 (Fla. 1st DCA 1982).
In the present case Rule 11B-27.011(2), Florida Administrative Code, did not establish a categorical exclusion which would automatically disqualify the applicant. As the applicant presented substantial competent evidence of good moral character and the factual findings of the hearing officer were otherwise supported by substantial competent evidence, the Commission acted beyond the latitude allowed by the Administrative Procedure Act and applicable decisional law in rejecting the application. See Orlando General Hosp. v. Dep't of Health & Rehabilitative Services, 567 So.2d 962 (Fla. 5th DCA 1990; Smith v. Dep't of Health & Rehabilitative Services, 555 So.2d 1254 (Fla. 3d DCA 1989); B.B. v. Dep't of Health & Rehabilitative Services, 542 So.2d 1362 (Fla. 3d DCA 1989). We therefore reverse the final order and remand with directions to adopt the hearing officer's recommended order.
NOTES
[1] The hearing officer had entered both a factual finding and conclusion of law on the point.
[2] That exclusion is not applicable here.