587 So.2d 1359 (1991)
Norman L. BLACK, Appellant,
v.
William ROUSE, et al., Appellees.
Nos. 89-2630, 89-3225.
District Court of Appeal of Florida, Fourth District.
September 25, 1991.
Motion for Rehearing to Clarify Denied; Motion to Supplement Rehearing Denied November 26, 1991.
*1360 Norman L. Black, Lake Butler, pro se.
Robert A. Butterworth, Atty. Gen., and Joe Belitsky, Asst. Atty. Gen., Tallahassee, for appellees.
PER CURIAM.
Norman Black appeals pro se from an order dismissing with prejudice his action brought under the Civil Rights Act, 42 U.S.C. § 1983. The order also disposed of appellant's motion for appointment of counsel, motion to amend and supplement the pleadings, motion for class action certification and motion for temporary restraining order and order to show cause for preliminary injunction. We sua sponte consolidate this appeal, (case number 89-3225) with the appeal from a non-final order (case number 89-2630); we affirm in part, reverse in part and remand.
*1361 Appellant's complaint, titled "Memorandum of Law in Support of Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, Art. I, Sec. 9, Fla. Const.", named the following defendants: William Rouse, Superintendent II, Richard Dugger, Secretary of the Department of Corrections; Sterling Staggers, Superintendent of Zephyrhills Correctional Institution; David Farcas, Assistant Superintendent of Martin County Correctional Institution; Sammy Hill, Chief Correctional Officer, Zephyrhills Correctional; Kandace M. Hill, Executive Director of the Correctional Medical Authority and C.E. Chapman, Assistant Superintendent of Martin County Correctional. Appellant mentioned other Department of Corrections employees throughout the complaint, but did not name them as defendants. Appellant sought redress in the way of injunctive relief and damages against each defendant for alleged illegal conduct on their part at the institution where he had been previously housed and the institution to which he was transferred. Appellant, however, was subsequently transferred to a third facility.
Appellant's complaint advanced the following claims: (I) prison officials violated his Eighth Amendment rights by providing him with inadequate medical treatment; (II) prison officials unlawfully placed him in confinement on more than one occasion; (III) prison officials violated his First and Fourteenth Amendment rights to access the courts through their limitation of his law library access; (IV) prison officials violated his right to "adequate access to rehabilitation and reintegration into society."
Defendants/appellees William Rouse, Sterling Staggers, David Farcas, Sammy Hill, C. Chapman, William Topolski, E.F. Larson, Steve Parker, and Richard Dugger, joined in the motion to dismiss, or in the alternative, for a summary judgment. We note that defendant Kandace M. Hill did not join in the motion; thus, she is not a party to this appeal.
In an action brought in state court pursuant to Section 1983, the court must determine whether sovereign immunity bars the suit. Hill v. Department of Corrections, 513 So.2d 129, 131 (Fla. 1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988). "Liability for civil rights violations cannot be predicated upon a respondeat superior theory." Lambrix v. Dugger, 547 So.2d 1265 (Fla. 1st DCA 1989). We hold that the trial court was correct when it granted with prejudice appellees' motion to dismiss appellant's claims as to appellees Rouse, Dugger and Staggers.
We also hold that the trial court was correct when it dismissed appellant's complaint. The complaint fails to comply with Florida Rule of Civil Procedure 1.110(b), which requires "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." This court adopted the Black's Law Dictionary definition of "ultimate facts" in Feldman v. Department of Transportation, 389 So.2d 692 (Fla. 4th DCA 1980). The definition includes:
The logical conclusions deduced from certain primary evidentiary facts
... Those facts found in that vaguely defined field lying between evidentiary facts on the one side and the primary issue or conclusion of law on the other
... The final resulting effect reached by processes of legal reasoning from the evidentiary facts.
Id.; see also Vantage View, Inc. v. Bali East Development Corporation, 421 So.2d 728, 731 (Fla. 4th DCA 1982). More recently, the Fifth District wrote:
In Florida courts, a complaint must state a cause of action. Fla.R.Civ.P. 1.110(b). While federal courts are inclined to ignore proper pleading requirements, that is not so in Florida practice ... Craftmanship in pleadings frame the issues between the parties so they can "know what they've got to meet and get ready to meet it."
Nguyen v. Roth Realty, Inc., 550 So.2d 490, 491 (Fla. 5th DCA 1989) (citation omitted). *1362 Nevertheless, we must hold that the trial court abused its discretion when it denied appellant's motion to amend and supplement the pleadings. See Fla. R.Civ.P. 1.190(a); Griffith v. Broadview Savings & Loan Co., 572 So.2d 1002, 1003 (Fla. 4th DCA 1990).
Appellant advances claims for injunctive and declaratory relief. Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985). As a result, we hold that appellant's prayers for such relief are now moot.
Appellant's transfer to other prison facilities does not render moot his claim for damages, however. Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir.1984). Appellant bases his claim on the allegation that prison officials violated his Eighth Amendment rights by providing him with inadequate medical treatment. While this claim is cognizable under § 1983, appellant must plead and prove that prison officials acted with deliberate indifference to his medical needs. Wilson v. Seiter, ___ U.S. ___, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Where it is claimed that a prison official has inflicted cruel and unusual punishment, the case mandates inquiry into a prison official's state of mind. Id. 111 S.Ct. at 2324. Notably, the United States Supreme Court in Wilson held that "[i]f the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." Id. Therefore, we remand the cause to the trial court to resolve this issue consistent with Wilson.
With regard to the trial court's denial of appellant's Motion for Appointment of Counsel, we hold that in a civil action as opposed to a criminal action, appellant does not have a constitutional right to appointed counsel, unless the proceedings may result in his freedom being curtailed. See Lassiter v. Department of Social Services, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981). "[I]t is the defendant's interest in personal freedom, and not simply the special Sixth and Fourteenth Amendments' right to counsel in criminal cases, which triggers the right to appointed counsel." Id. at 25, 101 S.Ct. at 2158.
Significantly, as a litigant's interest in personal liberty diminishes, so does his right to appointed counsel. In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, the Court gauged the due process rights of a previously sentenced probationer at a probation revocation hearing. In Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484, which involved an analogous hearing to revoke parole, the Court had said: "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only the conditional liberty properly dependent on observance of special parole restrictions." Relying on that discussion, the Court in Scarpelli declined to hold that indigent probationers have, per se, a right to counsel at revocation hearings, and instead left the decision whether counsel should be appointed to be made on a case-by-case basis.
Id. 452 U.S. at 26, 101 S.Ct. at 2159; see also Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir.1975) (generally, no right to counsel exists in cases under the civil rights statute, 42 U.S.C. § 1983); compare In re T.W., 551 So.2d 1186, 1204 (Fla. 1989) (indigent minor has no constitutionally protected right to counsel with respect to court proceedings concerning the right to have an abortion without parental consent); Fox v. State, 490 So.2d 1288, 1291 (Fla. 5th DCA 1986) (because anyone facing criminal contempt charges is under threat of imprisonment, it follows that an indigent contemnor has a constitutionally protected right to court-appointed counsel). In light of the foregoing, we hold the trial court did not abuse its discretion when it denied appellant's *1363 motion for appointment of counsel. Fla.R.Civ.P. 1.110(b).
Appellant also moved the court to certify as a class action his claim on issues of medical and dental treatment for inmates and on the issue of whether Martin County Correctional Institution possesses an adequate law library. Appellees contend that there are two statewide class actions presently pending which preclude appellant from obtaining certification: Costello v. Wainwright, 387 F. Supp. 324 (M.D.Fla. 1973) (medical care for inmates); Hooks v. Wainwright, 352 F. Supp. 163 (M.D.Fla. 1972) (adequacy of Florida prison libraries). Where federal and state courts have concurrent jurisdiction over the parties and identical causes of action, the latter court, to obtain jurisdiction (here, the trial court below), should stay all proceedings in deference to the concurrent jurisdiction of the court first in time to acquire jurisdiction (the Middle District of Florida). See Corcoran v. Federal Land Bank of Columbia, 478 So.2d 1161, 1166 (Fla. 1st DCA 1985). Moreover, the ultimate relief afforded in these cases will bind appellant and his proposed class members through the doctrine of res judicata. See Kemp v. Birmingham News Company, 608 F.2d 1049, 1053-1054 (5th Cir.1979). We hold, therefore, that the trial court did not err when it denied appellant's motion for class certification.
Accordingly, we dismiss the appeal as moot on appellant's claims for injunctive or declaratory relief in both the non-final and the plenary appeal; we reverse the trial court's denial of appellant's motion to amend or supplement the pleadings and remand for further proceedings consistent with this opinion. The trial court's order is affirmed in all other respects.
LETTS, DELL and GUNTHER, JJ., concur.