KLEIN, J.
Appellant, whose application for a yacht broker’s license is the subject of this proceeding, had been convicted of resisting an officer without violence, had a judgment *707 against him for dishonest conduct in a yacht transaction, and was found to have evaded service of process in another yacht transaction. The administrative law judge (ALJ) ruled that the judgments in these cases were not competent evidence of lack of good moral character and recommended the granting of the license. The department, however, disagreed and denied the application. We agree with the department that the judgments should have been considered as evidence, but reverse because the ALJ must still decide the factual issue of whether appellant was of good moral character.
In the criminal case, which occurred in 1998, appellant had been convicted of resisting an officer without violence and sentenced to time served and probation.
In one of the civil cases, a judgment was entered against appellant for $18,000 stating that he had fraudulently and dishonestly misappropriated funds which he had been given to pay for work performed on a vessel by a third party. Appellant did not disclose the details of this case, but rather asserted only that the allegations were unfounded.
In the other civil case, appellant appealed a $157,500 default judgment, and this court affirmed, concluding that appellant had evaded service of process. The complaint had alleged that appellant had committed tortious interference by secretly purchasing a yacht for a buyer, so that the buyer could avoid paying a commission earned by another broker. Appellant did not disclose this case in his application. AH of the judgments were final, not subject to appellate review.
Appellant had been previously licensed as a yacht broker, but his license had expired. Appellant’s evidence that he was of good moral character was provided by people in the community who knew him and testified that he had a reputation for being honest and of good moral character.
Although the ALJ accepted the certified copies of the judgments from the three cases in evidence, he ruled that they were not, in and of themselves, competent evidence. He relied on cases such as Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984), in which it was held that a criminal conviction is not admissible in a civil action to prove the truth of the underlying facts in the criminal case.
Section 326.004(6)(a), Florida Statutes (2002), provides that the department may deny a yacht broker’s license to any applicant who does not furnish satisfactory proof that he or she is of good moral character. Florida Administrative Code rule 61B-60.003(3)(a)7 (2002), which governs applications for yacht broker’s licenses, provides:
The foregoing factors shall be considered in determining whether an applicant is of good moral character for purposes of licensure under Chapter 326, F.S., if they comply with the following guidelines:
a. The disposition of criminal charges shall be considered if such constitutes a felony, or if such constitutes a misdemeanor involving moral turpitude, fraud, theft, dishonest assault and battery, or false statement.
b. The disposition of any administrative action or of any civil litigation involving fraud, misrepresentation, theft, assault and battery, or moral turpitude shall be considered if such results in a determination against the interests of the applicant.
The department ruled that the ALJ was required by rule 61B-60.003(3)(a)7 to consider the “disposition” of the cases brought against appellant and that the certified *708 copies of the judgments were sufficient to establish that he was not of good moral character. The department also based its denial of the license on appellant’s failure to disclose one of the lawsuits against him and his failure to disclose the details of the other two cases.
The Romano ease, on which the ALJ relied, was a civil action in which the issue was whether a criminal conviction of fraud would be conclusive proof of fraud in a civil action based on principles of collateral es-toppel.[1] Romano is distinguishable because the rule involved in this case does not provide that the dispositions of the prior cases are conclusive. The ALJ is only required to consider certified copies of the judgments as evidence of character.
We must, however, reverse for the ALJ to decide the question of good moral character. As the court explained in Albert v. Florida Department of Law Enforcement, 573 So.2d 187 (Fla. 3d DCA 1991):
In the context of professional and occupational licensing, the question of what constitutes “good moral character” has been held to be ordinarily a question of fact for the trier of fact. See Bachynsky v. State Dep’t of Professional Regulation, 471 So.2d 1305 (Fla. 1st DCA 1985); Village Zoo, Inc. v. Division of Alcoholic Beverages & Tobacco, 450 So.2d 920, 921 (Fla. 4th DCA 1984); White v. Beary, 237 So.2d 263, 266 (Fla. 1st DCA 1970); see also Aquino v. Dep’t of Professional Regulation, 430 So.2d 598 (Fla. 4th DCA 1983); Wash & Dry Vending Co. v. State Dep’t of Business Regulation, 429 So.2d 790 (Fla. 3d DCA 1983). The result is otherwise, of course, where a specific provision of a statute or rule categorically excludes an applicant from consideration. See e.g., § 943.13(4), Fla. Stat. (1987)(excluding applicants who have certain felony or misdemeanor convictions); see also Cirnigliaro v. Florida Police Standards & Training Comm’n, 409 So.2d 80 (Fla. 1st DCA 1982).
Id. at 188 (footnote omitted).
In the present case neither the statutes nor the rules categorically exclude applicant from consideration. Accordingly, although these judgments are certainly strong evidence regarding appellant’s moral character, it is for the ALJ to determine this factual issue. Reversed.
GUNTHER and GROSS, JJ., concur.

. Romano, which held that the criminal conviction would not be conclusive proof, has been limited by the legislature in certain circumstances that do not apply to this case. See Stogniew v. McQueen, 656 So.2d 917, 920 (Fla.1995) (holding that sections 772.14 and 775.089(8) do not mandate total abandonment of the mutuality principle upheld in Romano).