PER CURIAM.
The appellant challenges an order by which the trial court treated the appellant’s 42 U.S.C. § 1983 civil rights complaint as a petition for writ of mandamus and denied relief on the theory that the claims presented were moot because they involved challenges to conditions of confinement in a department facility from which the appellant has since been transferred. Although those claims for which the appellant sought declaratory or injunc-tive relief were rendered moot by his transfer, see Black v. Rouse, 587 So.2d 1359 (Fla. 4th DCA 1991), the appellant also sought an award of damages in connection with, among other things, allegations of excessive use of force by prison guards and indifference to the appellant’s medical needs. The appellant’s transfer to a different facility did not affect the viability of these claims. Id. at 1362.
The order under review is affirmed as to the disposition of those claims for which the appellant sought only declaratory or injunctive relief. But because the trial court erred in concluding that the claims for which the appellant sought money damages were inappropriately raised in a civil rights complaint and also erred in failing to address these claims, the order is otherwise reversed and this case is remanded. We leave issues concerning exhaustion of administrative remedies, potential immunity of prison officials, applicability of respondeat superior or vicarious liability, and any other issues involving the merits of the appellant’s claims for damages to be first addressed by the trial court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ALLEN, BENTON and VAN NORTWICK, JJ., concur.