PER CURIAM.
Following an informal hearing before the Criminal Justice Standards and Training Commission (“the Commission”), Edward Diaz appeals the denial of his request for certification as a corrections officer. We affirm.
The basis for the Commission’s denial was Diaz’s 1998 New York conviction for possession of cocaine. New York classified Diaz’s transgression as a “class A misdemeanor,” and he was sentenced to three years’ probation.[1] However, because his crime was a felony under Florida law, the Commission determined that Diaz was statutorily disqualified from certification as a corrections officer.[2] The Commission relied upon section 943.13(4), Florida Statutes (2013), as the disqualifying provision. That section requires, in pertinent part, that an applicant “[n]ot have been convicted of any felony or of a misdemeanor involving perjury or a false statement. ...” On appeal, Diaz argues that the offense to which he entered a plea was a misdemeanor under New York law, and thus does not disqualify him from certification.[3]
Our review of administrative agency action is limited, and the agency’s interpretation of a statute is entitled to great weight. See McNair v. Criminal Justice Standards & Training Comm’n, 518 So.2d 390, 391 (Fla. 1st DCA 1987). Although section 943.13(4) does not address the treatment of out-of-state convictions, the agency’s interpretation was not unreasonable. Cf Art. X, § 10, Fla. Const. (“The term ‘felony’ as used herein and in the laws of this state shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or by imprisonment in the state penitentiary.”); § 775.08(1), Fla. Stat. *26 (2014) (“When used in the laws of this state ... [t]he term ‘felony.’ shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or imprisonment in a state penitentiary.”). Accordingly, we affirm.
AFFIRMED.
PALMER, COHEN and EDWARDS, JJ., concur.

. From the limited record provided to us, it appears Diaz successfully completed that probation.

. It is undisputed that, under Florida law, Diaz’s possession of cocaine would have constituted a felony. See § 893.13(6)(a), Fla. Stat. (1998).

. Diaz also argues that the Commission did not find that he lacked moral fitness. That argument would be availing only if we were to decide that the conviction for the New York misdemeanor was not a disqualifying occurrence under section 943.13(4). In that event, the Commission would need to assess his moral fitness. See Albert v. Fla. Dep't of Law Enforcement, Criminal Justice Standards & Training Comm’n, 573 So.2d 187, 188 (Fla. 3d DCA 1991).