IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES LEE ANTHONY,

     Appellant,

v.

JULIE L. JONES, SECRETARY
DEPARTMENT OF CORRECTIONS,
WARDEN CHURCHILL, ALL ASST.
WARDENS, COLONELS, MAJORS,
LIEUTENANTS, SERGEANTS,
AND CORRECTIONAL OFFICERS
OF NORTHWEST FLORIDA
RECEPTION CENTER, et al.,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5866

Opinion filed October 6, 2015.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

James Lee Anthony, pro se, Appellant.

Dorothy Ridgway, Acting General Counsel of the Department of Corrections,
Pamela Jo Bondi, Attorney General, and Eric Gonzalez, Assistant Attorney
General, Tallahassee, for Appellees.

PER CURIAM.

A prisoner in state custody, James Lee Anthony sued to enjoin the Department of Corrections and various department employees from using physical devices, force, chemical agents, or physical restraints against him at Northwest Florida Reception Center, and sought a court order requiring his immediate transfer to another correctional facility. We affirm the dismissal of the action as moot on grounds the prisoner has since been transferred to a different correctional institution. See, e.g., Rojas v. State, 148 So. 3d 818, 818-19 (Fla. 5th DCA 2014) (affirming dismissal of petition for writ of habeas corpus alleging mistreatment at one correctional facility as moot where the petitioning prisoner had been transferred to another correctional institution).

In the proceedings below, appellant sought injunctive and declaratory relief, but not money damages. Cf. Boatman v. Fla. Dep't of Corr., 924 So. 2d 906, 907 (Fla. 1st DCA 2006) ("Although those claims for which the appellant sought declaratory or injunctive relief were rendered moot by his transfer, the appellant also sought an award of damages in connection with, among other things, allegations of excessive use of force by prison guards and indifference to the appellant's medical needs. The appellant's transfer to a different facility did not affect the viability of these claims." (citation omitted)); Black v. Rouse, 587 So. 2d 1359, 1362 (Fla. 4th DCA 1991) (holding that, although the prisoner's prayers for

2

injunctive and declaratory relief were moot based on his transfer to a different facility, the transfer did not render moot his claim for damages).

Affirmed.

BENTON, ROWE, and MARSTILLER, JJ., CONCUR.