919 So.2d 542 (2005)
Goode "Buddy" YEOMAN, Appellant,
v.
CONSTRUCTION INDUSTRY LICENSING BOARD, State of Florida Department of Business and Professional Regulation, Appellees.
No. 1D05-0949.
District Court of Appeal of Florida, First District.
December 22, 2005.
Rehearing Denied January 26, 2006.
Timothy P. Atkinson and Segundo J. Fernandez, of Oertel, Fernandez, Cole & Bryant, P.A., Tallahassee, for Appellant.
Diane L. Guillemette, Senior Assistant Attorney General, Tallahassee, for Appellees.
BROWNING, J.
Goode "Buddy" Yeoman appeals a final order of the Construction Industry Licensing Board (CILB), Florida Department of Business and Professional Regulation (Department), denying Yeoman's application for an initial certified general contractor license solely because Yeoman had failed to submit proof of having his civil rights restored subsequent to a previous felony conviction in accordance with the purported requirements of section 112.011(1)(b), Florida Statutes (2004). Concluding that the CILB and the Department erred as a matter of law in construing the meaning and effect of this statute, we reverse the final order and remand for further proceedings.
*543 The genesis of this case was Yeoman's filing an application for initial licensure as a certified general contractor. At a public meeting in May 2004, the Applications Review Committee determined that the application should be denied based solely on Yeoman's failure to provide proof that his civil rights had been fully restored subsequent to a previous felony conviction. The Committee's recommendation was made to the CILB and accepted. The CILB entered a notice of intent to deny Yeoman's application and filed the notice with the Department. After receiving notice of the agency's proposed decision, Yeoman filed a petition for a formal administrative hearing pursuant to sections 120.569 and 120.57(1), Florida Statutes (2004), and Rule 28-106.201, Florida Administrative Code. The petition alleged that the agency's proposed determination that Yeoman is not entitled to an initial certified general contractor license directly, substantively, and negatively affects his ability to practice his contracting profession and earn a living. Alleging that the CILB previously had issued contractor licenses to individuals with felony convictions (without restoration of their civil rights), the petition questioned whether section 112.011(1)(b) even requires the full restoration of civil rights before the CILB can issue an initial certified general contractor license. Yeoman sought a final order granting his license application. This appeal arises from the CILB's final order approving the denial of Yeoman's application pursuant to section 112.011(1)(b).
The statute at issue states:
112.011 Felons; removal of disqualifications for employment, exceptions. 
. . . .
(b) Except as provided in s. 775.16, a person whose civil rights have been restored shall not be disqualified to practice, pursue, or engage in any occupation, trade, vocation, profession, or business for which a license, permit, or certificate is required to be issued by the state, any of its agencies or political subdivisions, or any municipality solely because of a prior conviction for a crime. However, a person whose civil rights have been restored may be denied a license, permit, or certification to pursue, practice, or engage in an occupation, trade, vocation, profession, or business by reason of the prior conviction for a crime if the crime was a felony or first degree misdemeanor and directly related to the specific occupation, trade, vocation, profession, or business for which the license, permit, or certificate is sought.
§ 112.011(1)(b), Fla. Stat. We have de novo review of the question of what the statute means. See Florida Dep't of Revenue v. New Sea Escape Cruises, Ltd., 894 So.2d 954, 957 (Fla.2005).
The CILB argues that the effect of this statutory provision is automatically to disqualify from licensure those applicants who have lost their civil rights by reason of a conviction of a crime and who have not yet had their civil rights restored. Under the CILB's apparent interpretation of this statute, the CILB cannot lawfully grant licenses to applicants who have lost their civil rights and who have not yet had them restored, yet Yeoman alleged that the CILB has not always followed its own policy in that regard.
On the other hand, Yeoman contends that section 112.011(1)(b) does not, in fact or law, grant the CILB authority to deny initial construction contractor licenses based solely on the applicant's lack of full restoration of civil rights. Yeoman correctly notes that the first sentence in this statutory subsection expressly addresses "a person whose civil rights have been *544 restored" and states that such a person "shall not be disqualified to practice, pursue, or engage in any occupation, trade, vocation, profession, or business for which a license, permit, or certificate is required to be issued by the state . . . solely because of a prior conviction for a crime." This language acts to remove disqualifications imposed by various practice acts for numerous professions requiring a license from state agencies. This provision does not address a person such as Yeoman whose civil rights have not been restored.
Chapter 489, Part I, Florida Statutes (2004), which expressly relates to "Construction Contracting" and sets forth qualification standards for construction contractor licensing, does not contain any automatic, categorical "disqualifications" for an applicant who has a prior felony conviction or otherwise lacks the restoration of civil rights. Therefore, Yeoman correctly posits that section 112.011(1)(b) does not apply to persons whose civil rights have not been restored, and that chapter 489 instead contains the governing criteria for construction contractor licensure. Section 489.111 states in pertinent part:
489.111 Licensure by examination. 
. . . .
(2) A person shall be eligible for licensure by examination if the person:
. . . .
(b) Is of good moral character [and meets other criteria] . . . .
. . . .
(3)(a) The board may refuse to certify an applicant for failure to satisfy the requirement of good moral character only if:
1. There is a substantial connection between the lack of good moral character of the applicant and the professional responsibilities of a certified contractor; and
2. The finding by the board of lack of good moral character is supported by clear and convincing evidence.
Construing together sections 112.011(1)(b) and 489.111(2)(b), Yeoman argues that the Florida Legislature has not enacted an absolute bar to licensure for construction contractor license applicants with felony convictions. Instead, the lawmakers have required that applicants for such a license be "of good moral character." Acknowledging that he has a prior felony conviction, Yeoman alleges that it occurred more than 20 years ago in a matter completely unrelated and irrelevant to being a certified general contractor. The question of "good moral character" is a question of fact, see Palamara v. State, Dep't of Bus. & Prof'l Regulation, 855 So.2d 706, 708 (Fla. 4th DCA 2003), for neither section 112.011(1)(b) nor section 489.111 categorically disqualifies from licensure everyone with a prior felony conviction who has not had civil rights restored. If an applicant is found to lack "good moral character" and, therefore, to be unqualified for a license, the Legislature has required the CILB to furnish the applicant with written findings, a complete record of the evidence, and a notice of rights to a rehearing or appeal. See § 489.111(3)(b), Fla. Stat.
Yeoman notes that in enacting regulatory practice acts for various occupations, trades, vocations, and professions, the Legislature sometimes has set out absolute bars to licensure where the applicant has a prior felony conviction. See, e.g., § 320.27(9)(a)2., Fla. Stat. (2004) (motor vehicle dealers); § 550.1815(1)(b)1., Fla. Stat. (racing and jai alai permits); § 561.15(2), Fla. Stat. (alcoholic beverage licenses); § 943.13(4), Fla. Stat. (law enforcement or correctional officer employment). The Legislature's clear, unequivocal, *545 and absolute bar to licensure in those other different practice acts militates against an agency's or court's "re-writing" and extending section 112.011(1)(b) to imply an additional, absolute bar where no such language is used. See Hayes v. State, 750 So.2d 1, 4 (Fla.1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature."). An examination of other statutes demonstrates that if the Legislature had intended to express an absolute bar to licensure for applicants with a prior felony conviction whose civil rights have not been restored, it could and would have done so. See, e.g., 447.04(1)(a), Fla. Stat. (2004) (licensing and permitting of business agents); § 493.6118(4)(a), Fla. Stat. (licensing of private investigative, private security, and repossession services); City of Miami v. Valdez, 847 So.2d 1005, 1008 (Fla. 3d DCA 2003). To support his position, Yeoman notes that some practice acts requiring licensure include a "good moral character" licensing standard but do not contain an absolute bar to licensure due to felonies, first-degree misdemeanors, or lack of civil rights. See, e.g., § 400.071(3), Fla. Stat. (2004) (nursing home license); § 402.301(2), Fla. Stat. (child-care facilities license); § 468.209(1)(a), Fla. Stat. (occupational therapist license). Under the erroneous interpretation of statutory subsection (1)(b) used by the CILB and the Department, these various practice act provisions barring licensure in all cases of a prior felony conviction, or based on the lack of restoration of civil rights, would be rendered unnecessary and meaningless.
Section 112.011(1) does not invest the CILB and the Department with the authority to deny an initial certified general contractor license solely due to the lack of restoration of the applicant's civil rights. Concluding that the CILB overstepped its legislatively delegated authority by misconstruing section 112.011(1)(b) and effectively re-writing the statutory criteria under which it issues such licenses, we REVERSE the final order and REMAND for further proceedings.
DAVIS and THOMAS, JJ., concur.