WEBSTER, J.
 

 In these consolidated appeals, appellants claim that the Division of Pari-Mutuel Wagering of the Department of Business and Professional Regulation committed reversible error in denying their applications for slot machine occupational licenses because appellant Charles F. Jacques, Jr., a controlling officer of appellant Sign Spec, Inc., had prior felony convictions. In doing so, appellants assert that the Division incorrectly concluded that any felony conviction was a ground to deny licensure under section 551.107(6)(a), Florida Statutes (2007). Alternatively, if the Division’s interpretation of the statute was correct, appellants assert that the statute violates substantive due process and equal protection. Finally, appellants claim that the final orders violated section 120.57, Florida Statutes (2007), in several respects. Concluding that appellants’ claims are without merit, we affirm.
 

 The Division issued letters informing appellants that it was denying their applications for slot machine occupational licenses because (1) appellant Jacques entered a nolo contendere plea with adjudication withheld in Madison County, Florida to felony charges of production of marijuana and possession of more than 20 grams of marijuana, which were disqualifying convictions under section 551.107(6)(a); and (2) appellant Jacques, as president of appellant Sign Spec, had the ability to control the actions of the corporation. By agreement of the parties, informal hearings were held pursuant to section 120.57(2), Florida Statutes. The parties’ stipulations to the facts and the Division’s “First Request to Take Official Recognition,” which consisted of the legislative history of chapter 551, Florida Statutes, constituted the only evidence submitted into the record. At the conclusion of the hearings, the hearing officer indicated that she was adopting the findings of fact and conclusions of law set forth in the letters of denial. After the hearings, both sides filed proposed recommended orders. The director of the Division entered final orders denying appellants’ applications for licen-sure, essentially adopting the Division’s proposed recommended orders. Specifically, the final orders found that (1) appellant Jacques, a controlling officer of appellant Sign Spec, entered nolo contendere pleas with adjudication withheld in Madison County, Florida for marijuana production and marijuana possession over 20 grams; and (2) these felony convictions were for disqualifying offenses, precluding licensure under section 551.107(6)(a) and Florida Administrative Code Rule 61D-14.009. To the extent that disqualification under the statute was discretionary rather than mandatory, the orders concluded that appellant Jacques’ criminal record showed that he was not entitled to the privilege of holding a slot machine occupational license. This appeal follows.
 

 Section 551.107, Florida Statutes (2007), became effective in 2006 after the Florida Constitution was amended to authorize the operation of slot machines at certain existing pari-mutuel facilities in Broward and Miami-Dade Counties upon voter approval in a local referendum.
 
 See
 
 ch. 2005-362, §§ 1, 8, at 77-81, 90, Laws of Fla. The statute provides in pertinent part:
 

 (6) (a).... [T]he division may deny, suspend, revoke, or refuse to renew any slot machine occupational license if the applicant for such license or the licensee has been convicted in this state, in any
 
 *796
 
 other state, or under the laws of the United States of a capital felony, a felony, or an offense in any other state that would be a felony under the laws of this state involving arson; trafficking in, conspiracy to traffic in, smuggling, importing, conspiracy to smuggle or import, or delivery, sale, or distribution of a controlled substance; racketeering; or a crime involving a lack of good moral character, or has had a gaming license revoked by this state or any other jurisdiction for any gaming-related offense.
 

 (c) For purposes of this subsection, the term “conviction” means having been found guilty, with or without adjudication of guilt, as a result of a jury verdict, nonjury trial, or entry of a plea of guilty or nolo contendere.
 

 In addition, Florida Administrative Code Rule 61D-14.009(7)(a) provides that the Division shall deny an application for a slot machine occupational license if a review of the application or the investigation of the applicant demonstrates that “[t]he applicant is a business entity with an officer, director, manager, shareholder or other person with the ability to control the actions of the applicant who ... [h]as been convicted of any disqualifying offense under Section 551.107(6), F.S.”
 

 Appellants argue that appellant Jacques’ prior felony convictions for manufacture of marijuana and possession of more than 20 grams of marijuana were not for disqualifying offenses under section 551.107(6)(a) because they did not involve “arson; trafficking in, conspiracy to traffic in, smuggling, importing, conspii’acy to smuggle or import, or delivery, sale, or distribution of a controlled substance; racketeering; or a crime involving a lack of good moral character.” In doing so, they assert that the qualifying phrase “involving arson; trafficking in, conspiracy to traffic in, smuggling, importing, conspiracy to smuggle or import, or delivery, sale, or distribution of a controlled substance; racketeering; or a crime involving a lack of good moral character” modifies the antecedent terms “a capital felony,” “a felony,” and “an offense in any other state that would be a felony under the laws of this state.” The Division counters that the statute is clear and unambiguous, that the qualifying phrase modifies only the last antecedent, “an offense in any other state that would be a felony under the laws of this state,” and that any felony conviction is disqualifying under section 551.107(6)(a).
 

 We agree with the Division’s interpretation which is supported by rules of statutory and grammatical construction. Under the “doctrine of the last antecedent,” “relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote.”
 
 Kasischke v. State,
 
 991 So.2d 803, 811 (Fla.2008) (quoting
 
 City of St. Petersburg v. Nasworthy,
 
 751 So.2d 772, 774 (Fla. 1st DCA 2000)). In addition, a qualifying phrase is read as limited to the last item in a series when the phrase follows that item without a comma.
 
 State ex rel. Owens v. Pearson,
 
 156 So.2d 4, 6 (Fla.1963).
 
 Accord Kasischke,
 
 991 So.2d at 812-13. We also note that the Division’s interpretation is consistent with the legislative staff analysis of the statutory language. Fla. House of Representatives Staff Analysis, HB 1-B, at 6 (Dec. 8, 2005).
 

 We find additional support for the Division’s interpretation from an examination of the entire legislative scheme. A slot machine licensee must maintain a parimutuel permit pursuant to the provisions of chapter 550. § 551.104(4)(b), Fla. Stat. (2007). Section 550.1815(l)(b)l, Florida Statutes (2007), precludes any business en
 
 *797
 
 tity from holding a pari-mutuel permit if an owner, partner, corporate officer or director, or employee has been convicted of “[a] felony in this state.”
 
 See Yeoman v. Constr. Indus. Licensing Bd.,
 
 919 So.2d 542, 544 (Fla. 1st DCA 2005) (noting that section 550.1815(l)(b)l provides an absolute bar to licensure where the applicant has a prior felony conviction). Reading these provisions together, it must be concluded that the legislature intended that a conviction for any felony in this state would be grounds to deny licensure under section 551.107(6)(a). Otherwise, if appellants’ reading of the statute is correct, an employee of a slot machine licensee with a non-enumerated Florida felony conviction could receive a slot machine occupational license under section 551.107(2)(a)l, but the slot machine licensee would become ineligible for a pari-mutuel permit under section 550.1815(l)(b)l and, as a consequence, would forfeit its slot machine license.
 
 *
 

 Assuming that a conviction for any felony would be grounds to deny licensure under section 551.107(6)(a), appellants claim that section 551.107(6)(a) is unconstitutional because it violates substantive due process and equal protection. Specifically, appellants claim that (1) the disqualification of all persons convicted of felonies is not reasonably related to the statute’s purpose of ensuring safe and lawful operation of slot machine gaming facilities; (2) the inclusion of a nolo contendere plea, with or without an adjudication of guilt, in the definition of “conviction” is not reasonably related to the regulation of slot machine gaming facilities to protect the public health, safety, and welfare; and (3) the statute impairs substantive rights if it applies retroactively to deny licensure to those who have convictions for disqualifying offenses prior to the statute’s enactment.
 

 Where there is no suspect classification, substantive due process and equal protection analysis are essentially the same, i.e., whether the classification is non-arbitrary and rationally related to a legitimate state purpose.
 
 Polakoff v. Dep’t of Ins. & Treasurer,
 
 551 So.2d 1223, 1225 (Fla. 1st DCA 1989).
 
 Accord State v. Robinson,
 
 873 So.2d 1205, 1214 (Fla.2004);
 
 WCI Communities, Inc. v. City of Coral Springs,
 
 885 So.2d 912, 914 (Fla. 4th DCA 2004). The rational basis standard is concerned only with the existence of a conceivably rational basis, not with whether the basis is actually considered by the legislature, and is highly deferential.
 
 WCI,
 
 885 So.2d at 914. Moreover, the legislature has broad discretion in regulating and controlling gambling under its police powers, and the state may exercise its police power in a more arbitrary manner because gambling is inherently dangerous to society.
 
 Div. of Pari-Mutuel Wagering, Dep’t of Bus. Regulation v. Fla. Horse Council, Inc.,
 
 464 So.2d 128, 130 (Fla.1985). Contrary to appellants’ assertion, there is a rational basis for disqualifying persons who plead nolo contendere to felony offenses from licensure under section 551.107(6)(a). The Florida Supreme Court has recognized that the legislature can treat a nolo contendere plea, without an adjudication of guilt, as a conviction.
 
 See Montgomery v. State,
 
 897 So.2d 1282 (Fla.2005). Because gambling historically has
 
 *798
 
 been susceptible to criminal influences, the legislature could reasonably conclude that denying licensure to those with felony convictions would promote the safe and lawful operation of slot machine gaming facilities.
 

 Moreover, contrary to appellants’ assertion, the statute does not impair substantive rights by “retroactively” denying li-censure to those who have disqualifying convictions prior to the statute’s enactment. As pointed out by the Division, no one had a right to engage in slot machine gambling or be licensed to work in the slot machine gambling industry prior to the enactment of chapter 551 in January 2006. There is no due process violation where there is no retroactive impairment of a substantive vested right.
 
 See Metro. Dade County v. Chase Fed. Housing Corp.,
 
 737 So.2d 494, 503 (Fla.1999);
 
 DaimlerChrysler Corp. v. Hurst,
 
 949 So.2d 279 (Fla. 3d DCA 2007);
 
 Lakeland Regional Med. Ctr., Inc. v. State, Agency for Healthcare Admin.,
 
 917 So.2d 1024 (Fla. 1st DCA 2006).
 

 Finally, appellants claim that the final orders violated section 120.57, Florida Statutes (2007), because (1) the factual findings were not supported by competent substantial evidence in the record; (2) the factual findings were made by the division director rather than the hearing officer; and (3) the ultimate determination that appellants were disqualified from licensure was incorrectly characterized as a finding of fact rather than a conclusion of law. Because there were no disputed issues of material fact, the proceedings below were pursuant to section 120.57(2). Contrary to appellants’ assertion, there is nothing in section 120.57(2) precluding the division director from making factual findings.
 
 See Cohen v. Dep’t of Bus. Regulation, Div. of Pari-Mutuel Wagering,
 
 584 So.2d 1083, 1085-86 (Fla. 1st DCA 1991). Furthermore, appellants never objected to any of the challenged factual findings in the final order which were taken from the Division’s proposed recommended order served on opposing counsel. Therefore, appellants’ claim is not preserved. Even if it was preserved, the findings were permissible inferences from the stipulated facts. Based on these findings, the Division did not abuse its discretion in determining that appellants had not met their burden of establishing entitlement to the privilege of holding a slot machine occupational license. Finally, any error in characterizing the ultimate determination that appellants were disqualified from licensure as a finding of fact rather than a conclusion of law was harmless.
 

 AFFIRMED.
 

 BARFIELD and PADOVANO, JJ., concur.
 

 *
 

 The parties agree that section 550.1815 has no role in the denial of the slot machine occupational licenses in this case because appellants are not employees of a slot machine licensee/pari-mutuel permit holder; rather, they are in the business of designing and providing custom signage related to slot machine gaming to slot machine licensees. However, in construing the statutory language at issue, we have examined the legislative scheme beyond its application to appellants.