WOLF, J.
Petitioner seeks review of an emergency order of the Florida Department of Health (DOH) which suspended his license to practice medicine in this state. We have jurisdiction in accordance with section 120.68(1), Florida Statutes.
According to the emergency suspension order (the ESO), petitioner is licensed to practice medicine in Florida pursuant to the provisions of chapter 458, Florida Statutes. On December 9, 2010, he entered a plea of nolo contendere in federal court to a charge of conspiracy to commit fraud upon the United States in violation of 18 U.S.C. § 371. As a result of his conviction, DOH immediately suspended petitioner’s medical license without a hearing pursuant to section 456.074(1), Florida Statutes (2010), which provides in pertinent part:
(1) The department shall issue an emergency order suspending the license of any person licensed under chapter 458 ... who pleads guilty to, is convicted or found guilty of, or who enters a plea of nolo contendere to, regardless of adjudication, to:
[[Image here]]
(b) A misdemeanor or felony under 18 U.S.C. s. 669, ss. 285-287, s. 371, s. 1001, *967 s. 1035, s. 1341, s. 1343, s. 1347, s. 1349, or s. 1518 or 42 U.S.C. ss. 1320a-7b, relating to the Medicaid program.
Petitioner contends his federal conspiracy conviction was not related to the Medicaid program, and thus, DOH could not issue an ESO without further findings establishing his actions posed an immediate danger to public safety. We agree.
Florida law requires that an order directing the immediate suspension of a practitioner’s license contain “every element necessary to its validity ... on the face of the order.” Witmer v. Dep’t of Bus. and Prof'l Regulation, 631 So.2d 338, 341 (Fla. 4th DCA 1994). The general rule is that an ESO will not be upheld unless the order on its face sets out “the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and [DOH’s] reasons for concluding that the procedure used is fair under the circumstances.” § 120.60(6)(c), Fla. Stat. (2010); see also Kaplan v. State, Dep’t of Health, 45 So.3d 19, 20 (Fla. 1st DCA 2010) (citing Crudele v. Nelson, 698 So.2d 879, 880 (Fla. 1st DCA 1997)).
Section 456.074(1), Florida Statutes, however, requires DOH issue an emergency order suspending a medical license in certain circumstances without regard to specific proof that a petitioner is acting in a way that poses an immediate danger to public safety. In Bethencourt-Miranda v. State, Department of Health, 910 So.2d 927 (Fla. 1st DCA 2005), this court addressed a petitioner’s contention that section 456.074(1) pardoned DOH’s obligation under section 120.60(6) to provide proof in the ESO that the need for suspension was based on public safety and that the practitioner’s actions posed an immediate danger to public safety. In doing so, this court concluded DOH was required by the Legislature to suspend licenses immediately for circumstances listed in the section, and thus, “no other findings are necessary to support the agency action.” Bethencourt-Miranda, 910 So.2d at 928.
Based on the foregoing, if section 456.074(1), Florida Statutes, applies to petitioner’s conviction, DOH is required to issue an ESO and no further facts need to be provided in the ESO establishing petitioner’s actions posed an immediate danger to the public. However, petitioner asserts DOH incorrectly found his conviction required an ESO under section 456.074(l)(b). Section 456.074(l)(b) requires DOH issue an ESO when a practitioner has been convicted of a “felony under 18 U.S.C. s. 669, ss. 285-287, s. 371, s. 1001, s. 1035, s. 1341, s. 1343, s. 1347, s. 1349, or s. 1518 or 42 U.S.C. ss. 1320a-7b, relating to the Medicaid program.” (Emphasis added). Petitioner concedes he was convicted of a felony in violation of § 18 U.S.C. 371, but contends his conviction was not related to the Medicaid program, and thus, does not support the issuance of an ESO without further proof that petitioner poses a threat to public safety. DOH does not argue that petitioner’s conviction was related to the Medicaid program but, instead, argues the modifier “relates to the Medicaid program” only modifies the last enumerated subsections, 1518 or 42 U.S.C. ss. 1320a-7b.
We agree with petitioner’s arguments for two reasons. First, the plain meaning of the statute evidences the modifying term “relating to the Medicaid program” relates to all of the listed offenses, not just the last listed offenses. See Fla. Dep’t of Highway Safety & Motor Vehicles v. Hernandez, — So.3d -, 2011 WL 2224791 (Fla.2011) (recognizing when a statute is clear and unambiguous, courts should give effect to the statute’s plain meaning). Based on the rules of grammatical construction, a qualifying phrase will be read as modifying all items listed in *968 a series unless there is no comma between the last of the series and the qualifying phrase. See Kasischke v. State, 991 So.2d 803, 812-13 (Fla.2008) (citing 2A Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 47.33 (7th ed. 2007) for the proposition that “ ‘[evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma’”); see also State ex. rel. Owens v. Pearson, 156 So.2d 4 (Fla.1963) (analyzing the comma usage in the constitutional language, “The supreme court may issue ... writs of prohibition to commissions established by law, to the district courts of appeal, and to the trial courts when questions are involved upon which a direct appeal to the supreme court is allowed as a matter of right” and determining the lack of a comma between “trial court” and “when questions” required the modifying phrase only apply to “trial courts”); Jacques v. Dep’t of Bus. & Prof. Reg., 15 So.3d 793, 795-96 (Fla. 1st DCA 2009) (citing Owens and stating under the doctrine of the last antecedent, qualifying phrases in a clause are limited to the words immediately preceding unless a comma is used to set off the phrase); Edgewater Beach Owners Ass’n, Inc. v. Walton County, 833 So.2d 215, 221 (Fla. 1st DCA 2002) (holding the same). Thus, in accordance with the plain meaning of the subsection’s language, the offenses listed in section 456.074(l)(b), which authorize an emergency suspension, must relate to Medicaid.
Second, while there has been no Florida case addressing whether “relating to the Medicaid program” in section 456.074(l)(b) modifies all of the enumerated offenses, or only the last offense, this particular subsection was added to Senate Bill 1986, which was originally entitled “A bill to be entitled An act relating to Medicaid.” See Fla. S. Health Reg. Comm., SB 1986 (2009) Bill Analysis (March 26, 2009). Further, the Legislative Bill Analysis evidences the Bill was enacted with the purpose of curtailing the growth of Medicaid fraud in Florida. See Fla. S. Health Reg. Comm., SB 1986 (2009) Bill Analysis (March 26, 2009). As such, it was clearly the Legislature’s intent in enacting section 456.074(l)(b) to authorize the issuance of an ESO only for those enumerated offenses which “relate” to Medicaid.
Giving weight to the statute’s plain meaning and the legislative intent, the underlying facts do not qualify as one of those instances where DOH may issue an ESO without providing specific reasons why the suspension is necessary to prevent immediate harm to the public. As such, we grant the petition and order the ESO be stricken.
LEWIS and RAY, JJ., concur.