IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VALLEYCREST LANDSCAPE
MAINTENANCE, INC.,

     Appellant,

v.

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3439

_____/

Opinion filed June 24, 2016.

An appeal from the Circuit Court for Leon County.
George S. Reynolds, III, Judge.

J. Riley Davis, Akerman LLP, Tallahassee, for Appellant.

Jeffrey M. Dikman, Assistant Attorney General, Jonathan L. Williams, Assistant
Attorney General, for Appellee.

OSTERHAUS, J.

     ValleyCrest Landscape Maintenance appeals a summary judgment order

dismissing its tax refund action against the Florida Department of Revenue.

ValleyCrest requested a refund of taxes paid on gasoline used in the lawn care

equipment of its landscaping business. It argues that Florida's taxing scheme doesn't

apply to off-road uses of gasoline and, if it does, that it violates the Equal Protection Clause. The trial court disagreed with ValleyCrest's arguments, and we affirm.

I.

Section 206.41, Florida Statutes, imposes eight separate taxes on "motor fuel," which it defines as (1) "all gasoline products," (2) "any product blended with gasoline," or (3) "any fuel placed in the storage supply tank of a gasoline-powered motor vehicle." § 206.01(9), Fla. Stat. The Department "precollects" these taxes for "administrative convenience prior to the sale to the ultimate consumer." § 206.41(4)(a), Fla. Stat. Section 206.41(4)(c) exempts "[a]ny person who uses any motor fuel for agricultural aquacultural, commercial fishing, or commercial aviation purposes . . . no part of which fuel is used in any vehicle or equipment driven or operated upon the public highways of this state." §§ 206.41(1), (4)(c)(1-4), Fla. Stat. Exempt consumers may request a refund after the tax has been collected.

ValleyCrest is a commercial and residential landscaping company. It buys gasoline and diesel fuel from retail gas stations for its lawn care equipment. The Department collected $36,807.59 in taxes for gasoline ValleyCrest bought for its equipment between January 11 and April 30, 2010. ValleyCrest sought a refund, which the Department denied. ValleyCrest protested, claiming that it qualifies under the statutory exemption. It filed a tax refund action in the Second Judicial Circuit alleging that the Department's decision violated Article XII, § 9(c) of the Florida

2

Constitution, § 206.41, Florida Statutes, and the Equal Protection Clause. The trial court granted summary judgment for the Department, and ValleyCrest timely appealed.

## II.

We review the summary judgment order de novo. Jax Utilities Mgmt., Inc. v. Hancock Bank, 164 So. 3d 1266, 1269 (Fla. 1st DCA 2015). ValleyCrest argues that the Department should refund taxes on gasoline used in lawn care equipment because (1) Article XII, § 9(c) of the Florida Constitution limits the Legislature's inherent power to tax all gasoline; (2) section 206.41(1)(a) applies the "second gas tax" paid by ValleyCrest only to gasoline that powers motor vehicles; and (3) the Department's decision to deny a refund violates the Equal Protection Clause. We agree with the trial court that the Department is entitled to judgment as a matter of law on each claim.

First, the Florida Legislature "possesses, as an attribute of sovereignty, the inherent power to impose all taxes not expressly or by clear implication inhibited by State or Federal Constitutions." Amos v. Mathews, 126 So. 308, 315 (Fla. 1930). Article XII, Section 9(c) of the Florida Constitution authorizes "[a 'Second Gas Tax'] . . . of two cents per gallon upon gasoline and other like products of petroleum and an equivalent tax upon other sources of energy used to propel motor vehicles." Art. XII, §9(c)(1), Fla. Const. (emphasis added). ValleyCrest argues that this

3

constitutional provision restricts the tax to gasoline used in motor vehicles, thereby excluding lawn equipment and other gas-powered products. The phrase "used to propel motor vehicles," however, does not limit the scope of the gasoline tax. The doctrine of the last antecedent states that "relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding." Jacques v. Dep't of Bus. & Prof. Regulation, 15 So. 3d 793, 797 (Fla. 1st DCA 2009) (quoting Kasischke v. State, 991 So. 2d 803, 811 (Fla. 2008)). The phrase "used to propel motor vehicles," as a result, applies to the "equivalent tax upon other sources of energy," not to the tax "upon gasoline and other like products of petroleum." Art. XII, §9(c)(1), Fla. Const.

Second, we conclude, for similar reasons, that § 206.41(1)(a) does not restrict the Second Gas Tax to fuel powering motor vehicles on public highways. It simply codifies the tax that the Florida Constitution refers to in Article XII, § 9. A statute's plain meaning controls "[i]f the language is unambiguous and conveys a clear and definite meaning." Haddock v. Carmody, 1 So. 3d 1133, 1137 (Fla. 1st DCA 2009). Again, the plain language applies to all gasoline and there is no use-based exemption for landscaping equipment. Indeed, ValleyCrest concedes that § 206.41(4)(c) does not offer a tax refund for motor fuel purchased for use in its lawn maintenance equipment, whereas the statute makes refunds available for other uses.

Third, the Department's decision to deny ValleyCrest a tax refund did not

violate the Equal Protection Clause. "Legislatures have especially broad latitude in creating classifications and distinction in tax statutes." Regan v. Taxation With Representation of Washington, 461 U.S. 540, 547 (1983). There is no rigid rule of equality of taxation. See Carmichael v. S. Coal & Coke Co., 301 U.S. 495, 509 (1937). And we presume that the State of Florida's tax statutes are valid.

> When the state legislature, acting within the scope of its authority, undertakes to exert the taxing power, every presumption in favor of the validity of its action is indulged. Only clear and demonstrated usurpation of power will authorize judicial interference with legislative action. In the field of taxation particularly, the legislature possesses great freedom in classification. The burden is on the one attacking the legislative enactment to negate every conceivable basis which might support it.

Agency for Health Care Admin. v. Hameroff, 816 So. 2d 1145, 1148 (Fla. 1st DCA 2002) (quoting Coy v. Fla. Birth-Related Neurological Injury Compensation Plan, 595 So. 2d 943, 945 (Fla. 1992) & Eastern Air Lines, Inc. v. Dep't of Revenue, 455 So. 2d 311 (Fla. 1984)). Moreover, states can tax businesses differently with "near impunity, even if they are apparently similar." Ala. Dep't of Rev. v. CSX Transp., Inc., 135 S.Ct. 1136, 1142 (2015). They just cannot use wholly arbitrary classifications. Hameroff, 816 So. 2d at 1148. A statute favoring a certain class is not arbitrary if the distinction is reasonable or based upon a difference in state policy. Id. Indeed, Legislatures may, and regularly do, tax businesses and items

5

differently, which is fine "if there is any conceivable state of facts which would support [the distinction]." Id.

Here, the Department offers non-arbitrary reasons why the Legislature might have exempted some industries from the gasoline tax, but not the landscaping businesses. The work of the agricultural, aquacultural, and commercial fishing industries, for example, feed people. See § 206.41(4)(c), Fla. Stat. (authorizing refunds on the use of motor fuel "for agricultural, aquacultural, commercial fishing, or commercial aviation purposes"). Florida's tax policy, as a result, reflects an attempt to help people afford food, which broadly benefits everyone. The landscaping business doesn't offer the same benefit. Likewise, the Department argued that the tax break benefits the aviation industry which, with its shipping, transportation, and tourism-related services, is vital to Florida's economy. Supporting key industries also amounts to a legitimate, non-arbitrary basis for taxing them differently. Cf., CSX Transp., 135 S. Ct at 1142 (noting that "as far as the Equal Protection Clause is concerned, [a state may] tax a rail carrier more than a motor carrier, despite the seeming similarity in their lines of business.").

The Department offered an additional, reasonable administrative justification for not making gasoline tax refunds more broadly available. It argued that refunding the tax paid on gasoline used in all non-automotive contexts would prompt refund requests by every Floridian owning a lawnmower, boat, or other gas-powered

6

machine, potentially crippling the Department's ability to handle all the incoming requests and receipts. This too states a reasonable rationale for limiting the availability of tax refunds. See, e.g., Armour v. City of Indianapolis, 132 S. Ct. 2073, 2081-82 (2012).

The Legislature remains free, of course, to extend the availability of tax refunds to gasoline used in lawn maintenance equipment, but the Equal Protection Clause doesn't demand it. And because conceivable, non-arbitrary rationales exist for Florida's current gasoline tax regime, we affirm the trial court's decision.

III.

The summary judgment order is AFFIRMED.


ROBERTS, CJ., and MAKAR, J., concur.